■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO HUREL, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 5, 1976, convicting defendant, after a jury trial, of possession of a weapon as a felony, unanimously affirmed. In this matter, defendant contends, *inter alia,* that the trial court in its charge improperly bolstered the People's case by rehabilitating the credibility of the complainant, Diane Thomas.* Viewing the cited instance of improper bolstering in the context of the *entire* charge, we conclude that the error is not reversible. The charge is replete with instances where the court instructed the veniremen that it was within their sole province to determine credibility and the facts. Beyond cavil, a trial court should not in its charge bolster the People's or the defendant's case. Credibility of witnesses is for the jury as trier of the facts to determine under appropriate guidance from the trial court. In dispensing such guidance, the court must be mindful of the weight its instructions obtain in the minds of the jurors and must be zealous in

---

* The portion of the charge objected to by defendant as improperly bolstering the People's case is as follows: "It may be that a witness lives a mode or method of life that may not be exemplary and may not commend itself to you or which you disprove of, but if you are satisfied that the witness is telling the truth, there is no law that says that you should reject that testimony because of your disapproval of something that witness does in life. Such conduct by a complaining witness is not a defense for a crime. The complainant * * * is not on trial in this case. She is a witness and you must examine carefully all of her testimony and all of the testimony in the case in determining whether you believe her or whether you do not. It is the defendant who is on trial. This is not a prosecution by [complainant]. The prosecution is by the People of the State of New York and charges against this defendant are contained in an indictment which was returned by a Grand Jury. The People, represented by the Assistant District Attorney have to take witnesses as they find them. If jurors should say that a witness whose manners or morals they may not approve of must necessarily be perjuring themselves on the stand, then a great many of the crimes that come before the juries would go unpunished. On the other hand, jurors may naturally want to scrutinize carefully such evidence before making up their minds to place reliance upon it."

guarding against potential improper bolstering of the People's or a defendant's witnesses. The danger to be avoided is improper interjection of the trial court into the province of the jury and conveyance to the jury, however unintentional, of the court's view of the guilt or innocence of the defendant. We have examined the other points raised by defendant and find them without merit. Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.