■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK LEAHY, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 1, 1976, after a jury trial, convicting the defendant of the crime of petit larceny, unanimously affirmed. The underlying facts resulting in defendant's conviction involved the theft of money from fare boxes in a Manhattan and Bronx Surface Transit Operating Authority depot. The principal witness for the People, one Thomas Mitchell, had himself engaged in such crimes; he, however, co-operated with the police authorities and at trial testified regarding the defendant's larcenous activities. The court, in its instruction to the jury on the assessment of the credibility of witnesses, stated that Mitchell was "not on trial in this case." Counsel for the defendant took exception to that portion of the charge. We note that this type of instruction is unwarranted. It was clear throughout the trial that Mitchell was not a defendant. Highlighting of this fact by the court could only serve to infer that the court lent greater credence to Mitchell's testimony or indicated the court's opinion of the merits of the case. The trial court should avoid even the appearance of injecting itself into the fact-finding province of the jury and should not convey, even inferentially, its view of the guilt or innocence of the defendant or of the credibility of any specific witness. However, we conclude that the one improper statement by the court, when viewed in the context of the entire charge, did not constitute reversible error *(People v Hurel,* 60 AD2d 537) and have affirmed the judgment accordingly. Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.