■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILO CLARK, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered April 13, 1988, convicting defendant, after a jury trial, of robbery in the second degree (Penal Law § 160.10 [1]) and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from eight years to life, unanimously affirmed.

Defendant and three unapprehended accomplices robbed the complainant at approximately 2:00 A.M. on July 13, 1987. On appeal, defendant claims that the prosecutor's summation denied him due process of law by implying that he had the burden of disproving the complainant's version of the incident. This issue is unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852) and we therefore decline to address it. Were we to reach the merits, we would, in any event, conclude that the error, if any, was harmless in view of the overwhelming evidence of defendant's guilt. *(People v Crimmins,* 36 NY2d 230.)

Also unpreserved for appellate review is defendant's argument that the court's instruction to the effect that "a great many of the most heinous crimes" would go unpunished if juries disbelieved every prosecution witness who had a criminal record, constituted improper bolstering of the complainant's testimony. In reviewing the charge as a whole, we find that reversible error was not committed, inasmuch as the jury was instructed several times that the issue of credibility was solely within their province. *(See, People v Hurel,* 60 AD2d 537.) Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.