■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SUAREZ, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J., at trial and sentence; Alfred Kleiman, J., at plea), rendered August 24, 1988, convicting defendant, after a jury trial, of two counts of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, two counts of criminal possession of a weapon in the fourth degree and two counts of criminal possession of a controlled substance in the seventh degree and, upon his plea of guilty, of attempted criminal sale of a controlled substance in the seventh degree, and sentencing him to concurrent indeterminate terms of 4 to 12 years' imprisonment on each of the robbery counts, from 2⅓ to 7 years' imprisonment on the second and third degree weapon possession counts, and to a definite term of one year's imprisonment on each of the remaining weapon and drug possession counts, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to defendant's assertions, the evidence at trial demonstrated that as a lookout, he was properly convicted of robbery in the second degree under the theory of an accomplice "actually present" during the commission of the robbery herein within the meaning of Penal Law § 160.10 (1). Specifically, since the codefendants were each "aided by another person actually present" during the crime, they were both found guilty of robbery in the second degree, with defendant, as their accomplice, bearing criminal liability for the same offense. (Penal Law § 160.10 [1].) Although defendant contends that the People's witnesses did not provide credible testimony in view of a prior history of drug abuse, it is well settled that it is the function of the jurors to evaluate the credibility of the witnesses *(People v Parks,* 41 NY2d 36, 47).

We have examined defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.