■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Stephen Lloyd Barrett, J.), rendered June 29, 1988, convicting defendant after a bench trial, of assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to three concurrent terms of imprisonment of from 2-⅓ to 7 years for the assault and second degree possession convictions and from 1 to 3 years for the third degree possession conviction, unanimously affirmed.

Contrary to defendant's claim on appeal, the evidence pro-

duced at the trial established his guilt beyond a reasonable doubt. The trial court, sitting as the trier of fact, was in the best position to determine credibility *(People v Parks,* 41 NY2d 36, 47), and our independent weighing of the relative probative force of the conflicting trial testimony and the relative strength of the conflicting inferences that may be drawn from the testimony convinces us that the trial court gave the evidence the weight it should be accorded *(People v Bleakley,* 69 NY2d 490, 495). The victim's account of the gunpoint assault by defendant, who had won over the affection of the victim's paramour, was credible. On the other hand, defendant's claim that the victim shot himself pursuant to a conspiracy between the victim and defendant's wife, offered through the testimony of the younger sister of defendant's wife, was thoroughly impeached. Accordingly, the trial court did not commit an error by crediting the victim's account of the material facts *(see, People v Suarez,* 162 AD2d 302, *lv denied* 76 NY2d 944), which was sufficient to disprove defendant's alibi beyond a reasonable doubt.

Further, the trial court did not abuse its discretion in denying defendant's post-conviction motion to set aside the verdict, since the proffered testimony did not suggest that the outcome of the trial would have been different had it been considered by the trial court *(People v Slaughter,* 37 NY2d 596, 601). The new witness, the victim's estranged father, was obviously biased against his son, and his "new" evidence was no more than impeachment evidence. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.