■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CUPID BEDFORD, Appellant. [671 NYS2d 217] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered March 28, 1995, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

The trial court's denial of defendant's motion to set aside the verdict on the ground of newly discovered evidence was a proper exercise of discretion (see, People v Slaughter, 37 NY2d 596; People v Ramos, 178 AD2d 349, lv denied 79 NY2d 922). The victim's larcenous conduct discovered after trial was merely impeaching evidence, and it would not have created a probability of changing the outcome of the case (CPL 330.30 [3]).

When viewed in context of the evidence and the entire charge, the court's instruction on credibility was adequate. In any event, were we to find the instruction to be erroneous, we would find it to be harmless (see, People v Hurel, 60 AD2d 537, lv denied 43 NY2d 928). Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.