■ The People of the State of New York, Respondent, v James Fogle, Appellant. [930 NYS2d 274]—

The defendant was convicted of robbery in the second degree and grand larceny in the fourth degree, arising from an incident

which occurred in Queens during the early morning hours of April 8, 2006. The defendant and his friend were leaving a party when the defendant allegedly approached the complainant, put him in a headlock, and demanded that he relinquish possession of his chain. The complainant surrendered the chain, and the defendant, accompanied by his friend, left with the chain and five dollars. The complainant informed the police of the incident, and the defendant was arrested several months later and charged with robbery in the second degree and grand larceny in the fourth degree.

The defendant's first jury trial resulted in a mistrial because of a deadlocked jury. After the jury was discharged, it was discovered that the verdict sheet indicated that "not guilty" was checked next to the count of robbery in the second degree, but was not signed. The Supreme Court (Kron, J.) declined the defendant's request to reassemble the jury.

At the defendant's second jury trial, the complainant's testimony established that the defendant's friend had acted as a lookout. The defendant was convicted of both robbery in the second degree and grand larceny in the fourth degree. The defendant moved pursuant to CPL 440.10 to vacate the conviction of robbery in the second degree on the ground of double jeopardy. In support of the motion, the defendant relied on the affidavits of three individuals who sat as jurors at the first trial, as well as the affirmation of his trial counsel at the first trial. The Supreme Court denied the motion. The defendant appeals from the judgment of conviction and the order denying his CPL 440.10 motion. We affirm.

"[V]iewing the evidence in the light most favorable to the prosecution" (*People v Contes*, 60 NY2d 620, 621 [1983] [internal quotation marks omitted]), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Sanchez*, 13 NY3d 554, 564 [2009]; *People v Wright*, 189 AD2d 612, 613 [1993]; *People v Suarez*, 162 AD2d 302, 302 [1990]; *People v Dennis*, 146 AD2d 708, 709 [1989], *affd* 75 NY2d 821 [1990]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, his conviction of robbery in the second degree was not obtained in violation of his right against double jeopardy. The first jury's unsigned, unreported, and undeclared verdict does not constitute a final verdict for double jeopardy purposes (*see Matter of Suarez v Byrne*, 10 NY3d 523, 528 n 3 [2008]; *People v Khalek*, 91 NY2d

838, 840 [1997]; *Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County*, 36 NY2d 53, 57 [1974]). Moreover, notwithstanding the affidavits of the three jurors and the affirmation of the defendant's trial counsel, the jury did not render a verdict of not guilty on the charge of robbery in the second degree for double jeopardy purposes (*see* CPL 310.40; *see e.g. Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County*, 36 NY2d at 57).

The defendant's remaining contention is without merit. Angiolillo, J.P., Balkin, Hall and Cohen, JJ., concur.