■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BROWN, Also Known as BOOGER, Appellant. [649 NYS2d 51] —Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered March 29, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree (two counts) and *robbery* in the second degree.

During the early morning hours of December 15, 1990, the

victim, a college student at the time, left a bar on Central Avenue in the City of Albany to walk to her apartment on Washington Avenue and became disoriented. A black male, who offered to assist her, took her to an apartment on Clinton Avenue where a woman who was present took the telephone numbers of the victim's friends, purportedly telephoned them, and informed the victim that her friends were on their way. When it became apparent that her friends would not arrive, the victim attempted to leave, at which point she was robbed, raped and sodomized.

Defendant and June Benson (*see, People v Benson*, 206 AD2d 674, *lv denied* 84 NY2d 1029) were each charged with one count of rape in the first degree, two counts of sodomy in the first degree and one count of robbery in the second degree. Following a joint trial with two separate juries, defendant was found guilty of all four counts and was sentenced as a violent predicate felon to incarceration for an indeterminate term of $32^1/_2$ to 65 years.

Viewed most favorably to the People, the record evidence amply supports defendant's convictions on the rape and sodomy charges. Furthermore, while defendant calls into question the believability of two witnesses who were present in the apartment where the crimes occurred and who identified defendant as the perpetrator, the credibility of such witnesses was an issue which the jury appropriately resolved adversely to defendant's interests and therefore the verdict is supported by the weight of the evidence (*see, People v Day*, 215 AD2d 894, 895, *lv denied* 86 NY2d 793).

As for his conviction of robbery in the second degree, it is defendant's contention—unpersuasive in our opinion—that the People failed to present legally sufficient evidence establishing this crime, and that the jury's verdict on this count was against the weight of the credible evidence because, although there was proof that Benson forcibly removed jewelry and stole money from the victim, nothing specifically implicated defendant. The People proved, however, that defendant lured the victim to the apartment, and that while Benson and not defendant may have demanded the victim's jewelry and money, defendant was present and in a position to aid Benson in the forcible taking of the victim's property (*see*, Penal Law § 160.10 [1]; *People v Moses*, 162 AD2d 311, 312; *People v Suarez*, 162 AD2d 302, *lv denied* 76 NY2d 944). Even viewing the evidence in a neutral light (*see, People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801), the jury's verdict as to this count cannot be said to be against the weight of the credible evidence.

Apropos of defendant's argument that an accessorial liability charge (*see*, Penal Law § 20.00) should have been given with respect to the robbery count, it suffices to note that as defendant neither requested such a charge nor took exception to the charge as given, this claim is unpreserved for appellate review (*see*, *People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975).

Also unavailing is defendant's contention that he was denied effective assistance of counsel. Read in its entirety, the record discloses that defendant received meaningful legal representation (*see*, *People v Hilts*, 224 AD2d 824, 826, *lv denied* 88 NY2d 937). With respect to his specific grievances, namely, that his rights pursuant to CPL 190.50 were abridged due to counsel's failure to notify the People of his desire to testify before the Grand Jury and his desire to call alibi witnesses, it is noteworthy that missing from his argument, but essential to its success, is a demonstration of the "absence of strategic or other legitimate explanations for counsel's actions" (*People v Richardson*, 193 AD2d 969, 971, *lv denied* 82 NY2d 725; *see*, *People v Garcia*, 75 NY2d 973, 974).

Nor did County Court, as defendant urges, improperly utilize dual juries. No objection having been raised at trial to the use of this procedure, this issue too is unpreserved for review (*see*, *People v Johnson, supra*, at 793; *People v Valenti*, 199 AD2d 617, 618, *lv denied* 83 NY2d 811). Beyond that, there is no substantive merit to defendant's argument, for although CPL 200.40 does not explicitly authorize dual juries, "[t]he court's power to employ [them] * * * may logically be implied from its terms" (*People v Ricardo B.*, 73 NY2d 228, 233). Furthermore, defendant has failed to identify any prejudice emanating from this procedure.

We have considered the other points advanced on defendant's behalf and find them wanting.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.