■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SAITCH, Appellant. [689 NYS2d 249] —Mikoll, J. P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 9, 1997, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant pleaded guilty to one count of murder in the second degree (*see*, Penal Law § 125.25 [3]) in satisfaction of a three-count indictment. After indicating to County Court that he had discussed the plea with his attorney and was entering it of his own free will, defendant acknowledged the various rights he was surrendering. He then gave a detailed recitation of the events underlying the crime and reaffirmed his desire to plead guilty. Thereafter, defendant was sentenced pursuant to the plea agreement to a term of imprisonment of 15 years to life. Defendant now appeals, contending that County Court erred in accepting his plea due to the insufficiency of his allocution. Specifically, defendant argues that his allocution did not evince his awareness of the availability of a potential affir-

mative defense and failed to satisfy the required elements of the felony underlying the crime to which he pleaded.

We begin by noting that where, as here, a defendant fails to make a motion to withdraw his or her plea (*see,* CPL 220.60) or to vacate the judgment of conviction (*see,* CPL 440.10), the usual result is a waiver of the right to challenge the sufficiency of the plea allocution (*see, People v Lopez,* 71 NY2d 662, 665-666; *People v Vonderchek,* 245 AD2d 979, 980, *lv denied* 91 NY2d 945). In the rare instance where "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea", the trial court is required to probe further to ensure that the defendant is entering the plea knowingly and intelligently (*People v Lopez, supra,* at 666). Only when the trial court fails to make such an inquiry may the defendant challenge the sufficiency of the allocution in the absence of a formal postplea motion (*see, id.; People v Thompkins,* 233 AD2d 759, 760).

The record in this case plainly demonstrates that defendant's plea was entered voluntarily. It is equally clear that his allocution not only established all of the necessary elements of the crime to which he pleaded, but it also negated the elements required to establish the relevant affirmative defense. Consequently, County Court was not obligated to conduct a further inquiry with respect to defendant's plea and his claim is thus not preserved for our review.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.