■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MEJIAS, Appellant. [742 NYS2d 129] —Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 13, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to a negotiated prison term of 5 to 10 years. On appeal, defendant contends that County Court erred in accepting his plea of guilty inasmuch as the described facts raised a possible agency defense. Notably, this argument is not preserved for our review since defendant failed to move to withdraw his plea or vacate the judgment of conviction (*see, People v Johnson*, 82 NY2d 683; *People v Lopez*, 71 NY2d 662, 665). Nevertheless, defendant argues that this record establishes the exception to the preservation rule which applies "[i]n the rare instance where 'the defendant's recitation of the facts underlying the

crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea'" (*People v Saitch*, 260 AD2d 724, 725, *lv denied* 93 NY2d 1006, quoting *People v Lopez*, *supra* at 666). However, this exception will be invoked only when the trial court fails to probe further to ensure that the defendant's plea is voluntary and the defendant understands the nature of the plea (*see, People v Lopez*, *supra* at 666).

Here, contrary to defendant's argument, County Court conducted an inquiry into the benefit defendant received from participating in the sale and elicited sufficient facts supporting the conclusion that defendant acted with an "independent desire or inclination to promote the transaction" (*People v Argibay*, 45 NY2d 45, 54). Because County Court fulfilled its duty in this regard, defendant may not challenge the sufficiency of his plea on direct appeal (*see, People v Lopez*, *supra* at 666; *People v Saitch*, *supra* at 725).

Furthermore, we do not agree with defendant's contention that he was denied the effective assistance of counsel (*see*, NY Const, art 1, § 6; *People v Baldi*, 54 NY2d 137, 147). Defense counsel's purported failure to effectuate defendant's right to testify before the grand jury does not, per se, amount to ineffective assistance of counsel (*see, People v Wiggins*, 89 NY2d 872, 873) particularly where, as here, "defendant has failed to demonstrate the necessary absence of strategic or other legitimate explanations for counsel's actions" (*People v Richardson*, 193 AD2d 969, 971, *lv denied* 82 NY2d 725; *see, People v Brown*, 232 AD2d 750, 752). Additionally, "[t]he mere fact that different attorneys assisted in the defendant's case at different times does not render their assistance ineffective" (*People v Hayes*, 186 AD2d 268, 269). In any event, County Court appropriately inquired into defendant's various general criticisms of counsel, as well as his speculative allegations of conflict of interest (*see, People v Smith*, 271 AD2d 752; *People v Thornton*, 167 AD2d 935, *lv denied* 78 NY2d 1082), and we find no reason to disagree with the court's conclusion that the complaints were unsupported in the record.

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.