■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CLINTON, Appellant. [802 NYS2d 538]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 9, 2003, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

On March 1, 2003, defendant provided a quantity of crack cocaine to Dorothy Davis in the City of Binghamton, Broome County. Defendant was thereafter indicted for the crime of criminal sale of a controlled substance in the third degree, a class B felony. Prior to trial, defendant pleaded guilty to the charged crime and was sentenced as a second felony offender to 4½ to 9 years in prison.

Initially, defendant contends that County Court erred in accepting his plea of guilty because his recitation of the facts raised a possible agency defense. However, this argument is not preserved for our review inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Collier [Kelliehan]*, 283 AD2d 671, 671 [2001], *lvs denied* 96 NY2d 917, 920 [2001]; *People v Saitch*, 260 AD2d 724, 725 [1999], *lv denied* 93 NY2d 1006 [1999]). Although defendant maintains that the exception to the preservation rule applies herein because this is "the rare instance where 'the . . . recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea' " (*People v Saitch, supra* at 725, quoting *People v Lopez*, 71 NY2d 662, 666 [1988]), we do not agree. Significantly, the exception applies only where the court "fails to probe further to ensure that the defendant's plea is voluntary and the defendant understands the nature of the plea" (*People v Mejias*, 293 AD2d 819, 820 [2002], *lv denied* 98 NY2d 699 [2002]; *see People v Lopez, supra* at 666).

Here, prior to accepting his plea, County Court carefully explained to defendant his constitutional rights and advised him of the rights he would be surrendering by pleading guilty. Defendant acknowledged that he understood his rights and proceeded to clearly articulate that he gave Davis a quantity of crack cocaine in exchange for money that Davis had given to him on a prior occasion. In our view, County Court's inquiry sufficiently established the benefit that defendant received from participating in the sale "and elicited sufficient facts supporting the conclusion that defendant acted with an 'independent desire

or inclination to promote the transaction' " (*People v Mejias, supra* at 820, quoting *People v Argibay*, 45 NY2d 45, 54 [1978]).

Defendant further argues that the allocution did not establish that he was a "seller" of controlled substances as contemplated by the Penal Law. Notably, Penal Law § 220.00 (1) states that " '[s]ell' means to sell, exchange, give or dispose of to another, or to offer or agree to do the same." Contrary to defendant's argument, the record establishes that he did sell drugs in accordance with that definition. Although no money actually changed hands at the time the drugs were provided to Davis, defendant admitted that he gave them to her in exchange for money that she had previously given to him. Therefore, defendant was properly deemed to have sold drugs under the meaning of the Penal Law.

We have examined defendant's remaining contentions, including his claim that the Rockefeller Drug Law Reform Act (L 2004, ch 738) should be applied retroactively so as to reduce his sentence (*see People v Pauly*, 21 AD3d 595, 597 n [2005]), and find them to be without merit.

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.