(June 14, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERESA L. NIVER, Appellant. [839 NYS2d 252]—

Mugglin, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered March 2, 2006, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree, welfare fraud in the fourth degree and offering a false instrument for filing in the first degree (two counts).

Following a jury trial, defendant was convicted of grand larceny in the fourth degree, welfare fraud in the fourth degree and two counts of offering a false instrument for filing in the first degree and was sentenced to five years of probation. All of the charges arose from defendant's failure to report all of her income in connection with her application for and receipt of public assistance benefits from the Schuyler County Department of Social Services (hereinafter DSS).

We affirm. Initially, we find no merit to defendant's claim that County Court erroneously denied her motion to dismiss the indictment for violation of her statutory right to a speedy trial under CPL 30.30. Defendant, originally charged in a felony complaint filed August 25, 2004, was indicted on November 18, 2004. The prosecution's December 12, 2004 motion to amend the indictment was granted on December 23, 2004. Defendant was arraigned on the amended indictment on December 30, 2004 at which time the prosecution reaffirmed its readiness for trial filed on December 10, 2004 with respect to the original indictment. In conjunction with a motion to dismiss the indictment on March 1, 2005, defense counsel waived defendant's right to a speedy trial. On May 10, 2005, the amended indictment was dismissed on grounds of legally insufficient evidence and the People were authorized to re-present the case within 45 days to a new grand jury. Defendant was arraigned on the new indictment on July 15, 2005 at which time the People stated their readiness for trial. Defendant's subsequent motion for dismissal of the indictment on speedy trial grounds was denied by County Court.

In order to comply with the speedy trial rules, the prosecution must announce its readiness for trial within six months from the commencement of the criminal proceeding (see CPL 30.30 [1] [a]), here, on or before February 25, 2005. However, in computing the applicable time period, reasonable periods of delay resulting from pretrial motions or delays attributable to the defendant are excluded (see CPL 30.30 [4] [a], [b]). From the commencement of the criminal proceeding on August 25, 2004 to the initial statement of readiness on December 10, 2004,

107 days elapsed. Contrary to defendant's assertion, this statement of readiness was not rendered illusory by the People's motion to amend the indictment (*see People v Morales*, 309 AD2d 1065, 1066 [2003], *lv denied* 1 NY3d 576 [2003]). The period from December 10, 2004 to May 10, 2005 is not chargeable to the People as a result of the People's readiness for trial and defendant's waiver of speedy trial rights. The next 66 days from May 10, 2005 to July 15, 2005, when the People stated their readiness for trial on the new indictment, is chargeable to the People. Thus, only 173 days are chargeable to the People and no speedy trial violation occurred.

Next, we find no merit to defendant's assertion that the evidence was legally insufficient to convict her of grand larceny in the fourth degree and welfare fraud in the fourth degree since the People failed to prove that the value of the property wrongfully taken exceeded $1,000 (*see* Penal Law § 155.30 [1]; § 158.10). The People presented a witness from DSS who explained the process for calculating the amount of public assistance benefits to which defendant was entitled and who computed the difference between that amount, with and without the unreported workers' compensation income, to arrive at the amount of the overpayment that defendant wrongfully received. Although several different calculations were used, none resulted in a sum less than $1,000. In our view, this evidence is legally sufficient to support the jury's verdict (*see People v Lopez*, 79 NY2d 402, 404 [1992]). Although the testimony of this witness was significantly undermined during cross-examination, when the evidence is viewed in a light most favorable to the People, a reasonable and rational juror could conclude beyond a reasonable doubt that defendant wrongfully obtained public assistance benefits in an amount exceeding $1,000. Under these circumstances and giving due deference to the credibility determinations of the jury, we conclude that the evidence is legally sufficient to support these convictions (*see People v Bleakley*, 69 NY2d 490, 493 [1987]; *People v Whitted*, 16 AD3d 905, 906 [2005], *lv denied* 4 NY3d 892 [2005]).

Similarly unpersuasive is defendant's claim that the prosecution failed to offer legally sufficient evidence from which the jury could conclude that she had the requisite intent to defraud, an element of offering a false instrument for filing in the first degree (*see* Penal Law § 175.35). The prosecution evidence unequivocally establishes that defendant's household had potential income from workers' compensation payments before and after the June 2004 application, yet, defendant, on her public assistance application, failed to reveal this potential income.

Thus, the jury could reasonably conclude that defendant intentionally made a false statement in her application for welfare benefits with intent to defraud DSS and to obtain public assistance in excess of that to which she was legally entitled (*see People v Arnold*, 15 AD3d 783, 786 [2005], *lvs denied* 4 NY3d 851, 853 [2005]).

Finally, defendant argues that certain evidentiary rulings by County Court were erroneous and require reversal. In connection with the prosecution's *Molineux* application, County Court ruled that the People could not offer evidence of defendant's prior bad acts in its case-in-chief unless defendant opened the door. County Court correctly refused defendant's request for clarification of the grounds upon which the court would consider the door having been opened since such a determination must be made on an ad hoc basis during the trial. In fact, County Court consistently precluded the prosecution from offering this evidence despite the assertion that defendant had opened the door. Likewise, we find no merit to defendant's present contention that County Court's *Molineux* ruling impacted defendant's right to testify on her own behalf. Moreover, County Court did not err in denying defendant's motion for a mistrial based on the prosecution's consultation with a prosecution witness over a weekend break in the midst of defense counsel's cross-examination. County Court assured that the testimony of this witness following the consultation was not prejudicial to defendant by precluding the prosecution from eliciting any information discussed during the consultation (*see People v Brown*, 274 AD2d 609, 610 [2000]; *People v Smith*, 240 AD2d 949, 950 [1997], *lv denied* 91 NY2d 880 [1997]). Also, County Court did not err in excluding documents offered by defendant under the business records exception (*see* CPLR 4518 [a]; CPL 60.10). The testimony of the foundational witness failed to establish that the record in question was made at or about the time of the event being recorded (*see People v Cratsley*, 86 NY2d 81, 89 [1995]). Accordingly, County Court properly excluded the documents from evidence (*see People v Kennedy*, 68 NY2d 569, 579-580 [1986]; *People v Rogers*, 8 AD3d 888, 891 [2004]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.