■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v WILLIAM P. NIVER, Appellant-Respondent. [846 NYS2d 417]—

Mugglin, J. (1) Appeal from an order of the County Court of Schuyler County (Argetsinger, J.), rendered May 18, 2006, which partially granted defendant's motion pursuant to CPL 330.30

and set aside the verdict convicting him of offering a false instrument for filing in the first degree under count 4 of the indictment, and (2) cross appeals from a judgment of said court, rendered May 18, 2006, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree, welfare fraud in the fourth degree and offering a false instrument for filing in the first degree.

Defendant was indicted and tried jointly with his wife—with whom he resided—for the crimes of grand larceny in the third degree, welfare fraud in the third degree and two counts of offering a false instrument for filing in the first degree. The indictment was based on their receipt of public assistance benefits while failing to report the simultaneous receipt of additional workers' compensation income and their filing of false applications for public assistance with the Schuyler County Department of Social Services (hereinafter DSS). The jury convicted defendant of the lesser included crimes of grand larceny in the fourth degree and welfare fraud in the fourth degree, while convicting him of both counts of offering a false instrument for filing in the first degree.* County Court partially granted defendant's CPL 330.30 (1) motion to the extent of dismissing count 4 of the indictment charging him with filing a false instrument in the first degree. Defendant appeals from the judgment of conviction, asserting that the verdict was against the weight of the evidence. The People appeal from the order partially granting the CPL article 330 motion and they cross-appeal from the judgment arguing that the court erred in failing to sentence defendant as a second felony offender and, therefore, the sentence is invalid as a matter of law.

First, we are unpersuaded by defendant's claim that the guilty verdict as to counts 1 and 2 was against the weight of the evidence. The People presented a welfare fraud investigator, employed by DSS, who explained the process by which she calculated the amount of public assistance benefits that defendant wrongfully obtained. Although the calculations made by this investigator resulted in several different figures ranging from $2,445 to $18,311, each calculation was far in excess of the statutory threshold of $1,000 (see Penal Law § 155.30 [1]; § 158.10). The witness's explanations for the various calculations were well explored on cross-examination and defendant offered no competing calculations for the jury to weigh. On this record, we find that the jury properly discharged its functions of determining the credibility of the witness and determining the

---

* Defendant's wife was convicted of these same four crimes (*People v Niver*, 41 AD3d 961 [2007], *lv denied* 9 NY3d 924 [2007]).

probative value to be given the evidence (*see People v Bleakley*, 69 NY2d 490, 493 [1987]), and the convictions for grand larceny in the fourth degree and welfare fraud in the fourth degree are not against the weight of the evidence.

Defendant's argument that his conviction for filing a false instrument in the first degree is against the weight of the evidence appears to be confined to count 4 of the indictment and we address this issue in conjunction with the People's appeal from the order in which they argue that County Court wrongly dismissed this conviction on the ground that the evidence was legally insufficient. As is relevant, "[a] person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state . . . he [or she] offers or presents it to a public office . . . with the knowledge or belief that it will . . . become a part of the records of such public office'' (Penal Law § 175.35). The record establishes that although defendant's wife completed the June 2004 welfare benefits application, both defendant and his wife executed the application attesting that the information contained therein was correct. Conspicuously absent from the application was any acknowledgment of the potential income from defendant's wife's active workers' compensation claim from which she actually received income both before and after June 2004. Additionally, the record contains evidence establishing fraudulent welfare applications jointly submitted by defendant and his wife, and that despite the awareness of a duty to report any changes in income, neither defendant nor his wife reported her subsequent workers' compensation income. A rational jury could permissibly infer that defendant could reasonably anticipate that his wife would receive future workers' compensation benefits and that the failure to include such income on the welfare application establishes the requisite intent to defraud. Thus, we conclude both that the evidence was legally sufficient to support this conviction (count 4) and that the verdict on both false filing counts was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Finally, County Court erred by not sentencing defendant as a second felony offender. Here, it is undisputed that defendant was convicted of a felony in January 2004 and, although the People's second felony offender statement referenced only count 4, the remaining convictions were all felonies. Under these circumstances, and particularly in view of the People's reference to the felony convictions at the time of sentencing, defendant should have been sentenced as a second felony offender (*see* Penal Law § 70.06 [1]).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, by reversing so much thereof as (1) set aside defendant's conviction of offering a false instrument for filing in the first degree under count 4 of the indictment and (2) sentenced defendant; said conviction reinstated and matter remitted to the County Court of Schuyler County for resentencing as a second felony offender; and, as so modified, affirmed.