■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VAELLO, Appellant. [937 NYS2d 51]—

The court properly exercised its discretion in permitting the People's expert, a licensed nurse practitioner certified as a sexual assault nurse examiner, to testify about the relationship between the victim's genital injury and forcible sexual intercourse. Given the witness's broad experience and training, she was qualified to testify about the physiological processes of a woman's body during sexual activity, and, concomitantly, about how the victim's injury might have occurred in light of those physiological processes (see People v Welch, 71 AD3d 1329, 1331 [2010], lv denied 15 NY3d 811 [2010]). The witness did not express a direct opinion on the ultimate issue of whether the sexual conduct was forcible or consensual.

The court properly denied, without granting a hearing, defendants' CPL 330.30 (2) motion to set aside the verdict on the

ground of improper conduct by or relating to a juror. Through his counsel, defendant asserted that a juror's husband made a postverdict remark to defendant that suggested the possibility of such improper conduct. However, on its face, the purported remark made no reference to defendant's case and the inferences defendant's seeks to draw are highly speculative. Therefore, even if defendant's allegations are viewed most favorably to defendant, they did not contain "sworn allegations . . . of all facts essential to support the motion" (CPL 330.40 [2] [a]). Moreover, the People submitted an affidavit from the juror's husband denying having made the alleged remark, as well as documentary evidence tending to show that the purported conversation between defendant and the juror's husband could not have taken place. Under these circumstances, a hearing would have served no useful purpose. Defendant is "not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts" (*People v Johnson*, 54 AD3d 636, 636 [2008], *lv denied* 11 NY3d 898 [2008]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.