■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN CHARLES, Also Known as PERP, Appellant. [2 NYS3d 246]—

Clark, J. Appeal from a judgment of the County Court of Sullivan County (Labuda, J.), rendered October 13, 2011, upon a verdict convicting defendant of the crimes of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, rape in the third degree, criminal sexual act in the third degree, sexual abuse in the third degree, endangering the welfare of a child (two counts) and unlawfully dealing with a child in the first degree (two counts).

As the result of an incident wherein he and an accomplice provided alcohol to the victim and sexually assaulted her, defendant was charged in an indictment with rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, rape in the third degree, criminal sexual act in the third degree, sexual abuse in the third degree, two counts of endangering the welfare of a child and two counts of unlawfully dealing with a child in the first degree. Defendant initially pleaded guilty to one count of rape in the first degree, but withdrew that plea with County Court's permission. At the conclusion of the jury trial that ensued, defendant was convicted of all charges. County Court thereafter sentenced defendant to an aggregate prison term of 57 years, to be followed by postrelease supervision of 20 years. Defendant now appeals.

Defendant first contends that the verdict was not supported

by legally sufficient evidence and, moreover, was against the weight of the evidence. There is no dispute that defendant was 23 years old and the victim was 15 years old when the attack occurred in May 2010. The victim testified that she invited defendant to her residence and that he and a second man snuck into her bedroom with her permission, then provided her with hard liquor. She became uncomfortable after the men became too "touchy-feely" and attempted to leave the room, at which point the two men restrained her and forcibly subjected her to vaginal and oral sex. The victim also testified that, during the hour-long ordeal, defendant placed his finger in her anus. Her account of events was corroborated by an emergency room physician who examined her shortly after the assault, documented her injuries, and opined that they were recent and consistent with forcible penetration. DNA testing further confirmed that some of the genetic material recovered from the victim's person, as well as used condoms found in her bedroom, belonged to defendant. Viewing this evidence in the light most favorable to the People (*see People v Mateo*, 2 NY3d 383, 409 [2004], *cert denied* 542 US 946 [2004]), we have no difficulty concluding that it was legally sufficient to support the verdict (*see People v Brown*, 232 AD2d 750, 751 [1996], *lv denied* 89 NY2d 940 [1997]; *People v Love*, 177 AD2d 794, 797 [1991], *lv denied* 79 NY2d 860 [1992]). We are further persuaded that the verdict was not against the weight of the evidence. The jury chose to credit the victim's detailed account of the attack over conflicting evidence, and we accord due deference to that determination (*see People v Mateo*, 2 NY3d at 410; *People v McCloud*, 121 AD3d 1286, 1286-1287 [2014]; *People v Brown*, 232 AD2d at 751).

Defendant also asserts that County Court erred in permitting testimony by the emergency room physician as to whether the victim had been subjected to forcible rape. Inasmuch as defendant failed to object to that testimony at trial, this argument is unpreserved for our review (*see People v Heath*, 49 AD3d 970, 973 [2008], *lv denied* 10 NY3d 959 [2008]). The argument is unpersuasive in any case, as the testimony at issue constituted a proper opinion by a qualified expert as to "how likely it is that consensual intercourse cause[d] injuries such as" those suffered by the victim (*People v Welch*, 71 AD3d 1329, 1331 [2010], *lv denied* 15 NY3d 811 [2010]; *see People v Vaello*, 91 AD3d 548, 548 [2012], *lv denied* 19 NY3d 868 [2012]).

Defendant next contends that the sexual abuse in the first degree charge alleges that he forcibly inserted his finger in the victim's anus, and argues that County Court erred in giving an

accessorial liability instruction to the jury with regard to that count. It suffices to say that, because "there is no legal distinction between liability as a principal or criminal culpability as an accomplice," County Court was free to give the complained-of charge (*People v Rivera*, 84 NY2d 766, 769 [1995]; *see People v Mateo*, 2 NY3d at 408-409; *People v Pierce*, 106 AD3d 1198, 1201 n 2 [2013]).

Defendant further argues that his sentence is harsh and excessive. In that regard, the present charges represent defendant's first felony convictions and arise out of a single encounter with the victim (*compare People v Nelson*, 68 AD3d 1252, 1256 [2009]). The People now argue that the aggregate sentence should not be disturbed, but it is worthy of note that, at sentencing, they advocated for concurrent sentences that would result in an aggregate prison term of 25 years (*see People v Cruz*, 41 AD3d 893, 896-897 [2007], *lv denied* 10 NY3d 933 [2008]; *compare People v Kuklinski*, 24 AD3d 1036, 1037 [2005], *lv denied* 7 NY3d 758 [2006]). After reviewing all of the circumstances of this case and defendant's prior criminal history, we modify defendant's sentence in the interest of justice by directing that the sentences for all charges run concurrently with the exception of that for sexual abuse in the first degree, which will run consecutively to the sentences on the other charges. Thus, defendant's sentence will be an aggregate prison term of 32 years to be followed by 20 years of postrelease supervision, which constitutes an appropriate punishment for his repulsive acts (*see* CPL 470.15 [2] [c]; [6] [b]; *People v Wallace*, 53 AD3d 795, 798 [2008], *lv denied* 11 NY3d 795 [2008]; *People v Cruz*, 41 AD3d at 896-897; *People v Nickel*, 14 AD3d 869, 872-873 [2005], *lv denied* 4 NY3d 834 [2005]).

Defendant's remaining claims, including those advanced in his pro se supplemental brief, have been examined and found to be lacking in merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences for rape in the first degree, criminal sexual act in the first degree, rape in the third degree, criminal sexual act in the third degree, sexual abuse in the third degree, endangering the welfare of a child (two counts) and unlawfully dealing with a child in the first degree (two counts) under counts 1, 2, 4, 5, 6, 7, 8, 9 and 10 of the indictment shall run concurrently to one another and consecutively to the sentence for sexual abuse in the first degree under count 3 of the indictment, and, as so modified, affirmed.