*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    104662
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WILLIAM A. BROOKS JR.,
                        Appellant.
_____

Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

Lance N. Salisbury, Ithaca, for appellant.

Weeden A. Wetmore, District Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.

_____

Peters, P.J.

Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 15, 2011, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree, attempted criminal possession of a controlled substance in the third degree and petit larceny.

Following a jury trial, defendant was convicted of attempted robbery in the second degree, attempted criminal possession of a controlled substance in the third degree and petit larceny.  He now appeals, arguing that the verdict was not supported by legally sufficient evidence and was against the

weight of the evidence.[1]  Finding neither argument persuasive, we affirm.

At trial, the victim testified that, on the afternoon of July 25, 2010, she went to a residence in the City of Elmira, Chemung County, where she knew crack cocaine was being sold. While there, defendant "fronted" her several bags of crack cocaine, which she thereafter smoked over the course of several hours, upon her assurances that she had money at her apartment to pay for the drugs.  The victim explained that, at some point in the evening, defendant and another began demanding payment for the drugs and then forcibly removed her from the residence, dragged her off of the premises and pushed her into defendant's vehicle, all while repeatedly telling her that they were going to her apartment to get the money.  Upon arriving at the victim's apartment and learning that she did not have the money, defendant threatened to physically assault her and demanded that she call someone to bring her the money.  The victim complied and contacted her paramour who, in turn, contacted the police. Defendant and the other individual then proceeded to ransack the entire apartment in a search for money and items of value. According to the victim, the other individual brandished a weapon at one point and both continued to threaten her throughout that time.  Police ultimately arrived at the scene and, following several controlled phone calls between the victim and her paramour, the victim exited the residence and was taken into custody.  Officers thereafter entered the apartment and arrested defendant, who was situated in close proximity to what appeared to be a handgun. Upon a search of defendant's vehicle following his arrest, several items from the victim's residence were discovered therein.

Viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]; People v Charles, 124

---

[1]  By making a particularized trial motion to dismiss directed at the specific deficiencies now claimed on appeal, defendant preserved his legal sufficiency claim for our review (see People v Carncross, 14 NY3d 319, 324-325 [2010]; People v Gray, 86 NY2d 10, 19 [1995]).

AD3d 986, 987 [2015]), this evidence was legally sufficient to support defendant's convictions (see Penal Law §§ 110.00, 155.25, 160.10 [1]; 220.16 [1]; People v Djanie, 31 AD3d 887, 887 [2006], lv denied 7 NY3d 866 [2006]; People v Zabala, 290 AD2d 578, 578 [2002], lv denied 97 NY2d 735 [2002]).  Defendant does not dispute that evidence on each of the elements of the crimes for which he was convicted was supplied through the trial testimony of the victim, but instead maintains that the victim's testimony was incredible as a matter of law.[2]  At trial, the victim recounted her criminal history and longstanding struggles with drug abuse, which included several inpatient treatment programs and relapses of usage, and was admittedly "pretty high" from her "binge" and experiencing symptoms of withdrawal — such as paranoia — while defendant was at her apartment.  Furthermore, as defendant contends, there were several inconsistencies and contradictions in the victim's testimony, and portions of her testimony were questionable.  However, these issues were fully developed at trial and highlighted to the jury, and the victim's testimony was not contradicted by any compelling evidence offered by defendant so as to render it unworthy of belief or "establish a basis upon which to disturb the jury's resolution of these credibility issues" (People v Mitchell, 57 AD3d 1308, 1309 [2008] [internal quotation marks, brackets and citations omitted]; see People v Brabham, 126 AD3d 1040, ___, 2015 NY Slip Op 01833, *1-2 [2015]; People v Wingo, 103 AD3d 1036, 1037 [2013], lv denied 21 NY3d 1021 [2013]; People v Moyer, 75 AD3d 1004, 1006 [2010]).  Further, after independently weighing the evidence and considering it in a neutral light, while according deference to

_____

    [2]  To the extent that defendant also argues that, absent corroborating evidence, the victim's testimony was insufficient to prove that the substance he allegedly possessed was, in fact, cocaine, we need only note that the existence of a controlled substance is not an element of the crime of attempted criminal possession of a controlled substance in the third degree (see Penal Law §§ 110.00, 220.16 [1]; see also People v Alameen, 264 AD2d 937, 938 [1999], lv denied 94 NY2d 819 [1999]; People v Sessions, 181 AD2d 842, 843 [1992], lv denied 80 NY2d 837 [1992]; compare People v Martin, 81 AD3d 1178, 1180 [2011], lv denied 17 NY3d 819 [2011]).

the jury's superior ability to evaluate credibility (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Robinson, 117 AD3d 1099, 1101 [2014], lvs denied 23 NY3d 1059, 1066 [2014]), we cannot say that the verdict was contrary to the weight of the evidence.

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court