Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered May 23, 2014, upon a verdict convicting defendant of the crimes of robbery in the first degree (three counts) and criminal possession of a weapon in the second degree (two counts).
Defendant was charged in an indictment with three counts of robbery in the first degree and two counts of criminal possession of a weapon in the second degree as the result of an incident wherein the victim was robbed at gunpoint in the City of Schenectady, Schenectady County. Following a jury trial, defendant was convicted as charged. County Court sentenced defendant to an aggregate prison term of 12 years, to be followed by five years of postrelease supervision, and he now appeals.
We affirm. Defendant contends that the verdict was unsupported by legally sufficient evidence and, further, was against *1079 the weight of the evidence. In that regard, the victim testified that he was waiting alone at a bus stop around 4:30 a.m. when a man he identified as defendant rode by on a bicycle. Defendant returned and asked the victim to turn over his headphones and, after the victim declined to do so, defendant displayed a pistol and took the headphones and a cell phone. The victim borrowed the cell phone of a passerby to call 911, after which he and a coworker who had also arrived at the bus stop saw a police cruiser pursuing defendant. The coworker testified that she heard something hit the bus shelter as defendant rode by on his bicycle and, upon investigation, she found a pistol lying on the ground. The coworker caught the bus to work, while the victim brought the pistol to the police station. Defendant, meanwhile, was apprehended after the police chase, and officers recovered headphones and a cell phone.
Defendant questions the condition of the pistol because, due to poor maintenance, the live ammunition contained in the magazine was not automatically chambered. There was no mechanical problem with the pistol, however, and two of the rounds were test fired without difficulty when they were manually chambered. The pistol was accordingly loaded and operable at the time of the incident and, contrary to the assertions of defendant, constituted both a deadly weapon (see Penal Law § 10.00 [12]; People v Cavines, 70 NY2d 882, 883 [1987]; People v Francis, 126 AD2d 740, 740 [1987]; People v Howard, 37 AD2d 178, 179 [1971]) and a dangerous instrument (see Penal Law § 10.00 [13]).
Defendant maintains that the victim’s trial testimony was incredible as a matter of law, noting the inconsistencies in the victim’s testimony and his prior criminal history. The testimony of the victim was nonetheless corroborated in significant respects by a video that documented portions of the incident, as well as the testimony of the passerby whose phone he borrowed and that of his coworker who first observed the pistol at the bus stop. The discrepancies in the victim’s testimony were fully explored at trial and, given the failure of defendant to present “any compelling evidence ... to render [that testimony] unworthy of belief or establish a basis upon which to disturb the jury’s resolution of these credibility issues,” it was not incredible as a matter of law (People v Brooks, 127 AD3d 1407, 1409 [2015] [internal quotation marks and citations omitted]; see People v Mitchell, 57 AD3d 1308, 1309 [2008]). Accordingly, when viewed in the light most favorable to the People, the evidence was legally sufficient to support the verdict (see People v Gordon, 23 NY3d 643, 649 [2014]; People v Brooks, *1080 127 AD3d at 1408). Defendant testified and presented a radically different account of what transpired on the morning in question but, “after independently weighing the evidence and considering it in a neutral light, while according deference to the jury’s superior ability to evaluate credibility,” we are also unable to conclude that the verdict was against the weight of the evidence (People v Brooks, 127 AD3d at 1409; see People v Danielson, 9 NY3d 342, 349 [2007]; People v Ramos, 129 AD3d 1205, 1206-1207 [2015], lv denied 26 NY3d 971 [2015]).
Defendant further complains that the People failed to establish the chain of custody of the pistol in order to allow its introduction into evidence at trial. The trial testimony accounts for the period after the pistol was received by the police, during which time the serial number of the pistol was recorded and the pistol itself secured in an evidence box with the serial number emblazoned upon it. The pistol was transferred to a laboratory operated by the State Police for testing and, while proof was not submitted regarding the details of that transfer, the same pistol was returned to the Schenectady police. Inasmuch as the serial number constituted a “unique characteristic! ] or marking! ]” that would render any material alteration apparent (People v Connelly, 35 NY2d 171, 174 [1974]; see People v Brown, 52 AD3d 943, 946 [2008], lv denied 11 NY3d 735 [2008]), the failure to document the period during which the pistol was in the care of the State Police “goes to the weight of the evidence and not its admissibility” (People v Brook, 140 AD2d 808, 809 [1988], lv denied 72 NY2d 911 [1988]; see People v Hawkins, 11 NY3d 484, 494 [2008]).
Defendant’s remaining contentions require little discussion. His assertion that County Court erred in requiring him to present all of an absent witness’s grand jury testimony as part of his case is arguably preserved for our review. Any error in that regard was harmless, however, as the People would have been entitled “to introduce ‘all or part of the rest’ of any former testimony not included in defendant’s evidentiary submission” (People v Robinson, 89 NY2d 648, 658 n 5 [1997], quoting People v Arroyo, 54 NY2d 567, 577 [1982], cert denied 456 US 979 [1982]). Lastly, given the nature and seriousness of the charges for which defendant was convicted, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction in the sentences imposed (see People v Young, 74 AD3d 1471, 1473 [2010], lv denied 15 NY3d 811 [2010]; People v Mitchell, 55 AD3d 1048, 1052 [2008], lv denied 12 NY3d 856 [2009]).
Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed.