THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE Y. LEDUC, Appellant. [34 NYS3d 208]—

Lynch, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered January 15, 2014, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and conspiracy in the fourth degree.

In the early morning hours of October 20, 2012, defendant and Danny Spear were on Spear's property when police officers driving by noticed smoke coming from a shed on the property. Upon the officers' arrival, Spears exited the shed, which contained materials commonly used in the manufacture of methamphetamine, as well as substances containing methamphetamine. After a brief search of the area, defendant was discovered in the driver's seat of his Pontiac Grand Prix, which was parked approximately 15 feet from the shed. In his car the officers found two vials of morphine in defendant's coat pocket and two bottles of drain cleaner, commonly used in the manufacture of methamphetamine.

Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the fourth degree for possessing one-half ounce or more of methamphetamine, criminal possession of a controlled substance in the seventh degree for possession of morphine and conspiracy in the fourth degree for conspiring to possess one-half ounce or more of methamphetamine. County Court sentenced him to 4½ years in prison to be followed by two years of postrelease supervision for his conviction of criminal possession of a controlled substance in the fourth degree, to be served concurrently with a six-month jail term for his conviction of criminal possession of a controlled substance in the seventh degree and a prison term of 1 to 3 years for his conviction of conspiracy in the fourth degree; these sentences were to be served consecutively to a separate two-year prison term for criminal possession of marihuana in the second degree. Defendant now appeals, arguing that the verdict was not supported by legally sufficient

evidence and was against the weight of the evidence and that his sentence was harsh and excessive.*

We affirm. Although Spear was defendant's accomplice, defendant could be convicted on the basis of Spear's testimony if it was supported " 'by corroborative evidence tending to connect the defendant with the commission of [the charged] offense[s]' " (*People v Godallah*, 132 AD3d 1146, 1149 [2015], quoting CPL 60.22 [1]). It is not necessary that the corroborating evidence prove that defendant committed the charged crimes, rather the evidence is sufficient "if it tends to connect the defendant with the commission of the crime[s] in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (*People v Reome*, 15 NY3d 188, 191-192 [2010] [internal quotation marks and citation omitted]; *see People v Myrick*, 135 AD3d 1069, 1070 [2016]).

At trial, Spear testified that defendant was inside the shed with him, that they manufactured and smoked methamphetamine together before the police officers arrived on October 20, 2012 and that, immediately before the officers arrived, defendant ran from the shed to his car. Spear's testimony was corroborated by the trial testimony of two police officers who, when they initially drove by Spear's property, saw two men standing near the doorway of the shed and, after searching the area near the shed, found defendant in his vehicle with the bottles of drain cleaner in the back seat. Taken together with the contents of the shed, the early hour and defendant's implausible explanation to police that he had just arrived and was taking a nap, this evidence was sufficient to corroborate Spear's testimony (*see People v Moses*, 63 NY2d 299, 307 [1984]; *People v Rodriguez*, 52 AD3d 1047, 1048 [2008]; *People v Patchen*, 46 AD3d 1112, 1113 [2007], *lv denied* 10 NY3d 814 [2008]).

When viewed in the light most favorable to the People, we find that the evidence was legally sufficient to support defendant's conviction of criminal possession of a controlled substance in the fourth degree. Constructive possession of a controlled substance occurs where "the defendant exercised 'dominion or control' over the [contraband] by a sufficient level of control over the area in which the contraband [was] found" (*People v Manini*, 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]; *see People v Turner*, 27 AD3d 962, 963 [2006]). Defendant's proximity to the shed, his possession of the drain cleaner and the timing of events, coupled with Spear's testimony, provided

---

* Defendant makes no argument in relation to his conviction for criminal possession of a controlled substance in the seventh degree.

a reasoned basis for the jury to conclude that defendant constructively possessed the more than one-half ounce of a substance containing methamphetamine recovered from Spear's shed (*see* Penal Law §§ 10.00 [8]; 220.09 [2]; *People v Crooks*, 129 AD3d 1207, 1208-1209 [2015], *lv granted* 26 NY3d 966 [2015]; *People v Sawyer*, 23 AD3d 845, 846 [2005], *lv denied* 6 NY3d 852 [2006]). As an agreement can be inferred "by circumstances indicating that defendant engaged in a common effort or acted in concert with others to achieve a common goal," this evidence was also legally sufficient to support the conviction of conspiracy in the fourth degree by demonstrating that defendant entered into an agreement with another to engage in conduct constituting the class C felony of criminal possession of a controlled substance in the fourth degree, i.e., the possession of one-half ounce or more of a substance containing methamphetamine (*People v Parsons*, 275 AD2d 933, 934 [2000], *lv denied* 95 NY2d 937 [2000], *cert denied* 532 US 998 [2001] [internal quotation marks and citation omitted]; *see* Penal Law §§ 105.10 [1]; 220.09 [2]; *People v Harris*, 288 AD2d 610, 618 [2001], *affd* 99 NY2d 202 [2002]). With regard to the weight of the evidence, a different verdict would not have been unreasonable, as Spear's trial testimony was inconsistent with both his grand jury testimony and his original statement to the police, as well as the potential for bias due to his favorable plea deal juxtaposed against his criminal history. These "issues were fully developed at trial and highlighted to the jury" (*People v Brooks*, 127 AD3d 1407, 1408-1409 [2015]; *see People v Magee*, 135 AD3d 1176, 1180 [2016]). After independently reviewing the evidence and considering it in a neutral light, and according deference to the jury's credibility determinations, we conclude that the verdict was not against the weight of the evidence (*see People v Brooks*, 127 AD3d at 1409; *People v Patchen*, 46 AD3d at 1113-1114).

Finally, defendant contends that the sentence imposed by County Court was harsh and excessive. The fact that defendant's aggregate prison sentence and postrelease supervision were greater than his pretrial plea offer, which defendant rejected, " 'is not proof that defendant was penalized for exercising his right to a jury trial' " (*People v Young*, 86 AD3d 796, 800 [2011], *lv denied* 17 NY3d 905 [2011], quoting *People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]). Further, the fact that Spear received a more lenient sentence than defendant does not warrant a reduction in defendant's sentence, especially given that Spear entered into a plea bargain and testified at defendant's trial (*see People v Camaj*, 299 AD2d 595, 597 [2002], *lv denied* 99 NY2d 613 [2003]). We

find that County Court properly balanced defendant's lack of criminal history with the seriousness of the crimes, and no extraordinary circumstances or abuse of discretion exist warranting a modification in the interest of justice (*see People v Farnsworth*, 103 AD3d 982, 984 [2013]; *People v Cruz*, 244 AD2d 803, 804-805 [1997]).

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.