■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBIE JO ZELLER, Appellant. [57 NYS3d 228]—

Mulvey, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 19, 2014, upon a verdict convicting defendant of the crime of grand larceny in the third degree (two counts).

In October 2013, defendant was charged by indictment with two counts of grand larceny in the third degree, both based on a series of dealings in which defendant induced a vulnerable Social Security disability recipient to part with over $3,000 in cash over a 13-month period. The first count alleged a theory of larceny by false pretenses and the second count alleged a theory of larceny by false promises. Defendant was convicted by a jury as charged and sentenced as a second felony offender to 3½ to 7 years in prison on both counts, with the sentences to run concurrently. She now appeals, contending only that the verdict was against the weight of the evidence. We affirm.

" '[A] weight of the evidence challenge . . . requires consideration of the adequacy of the evidence as to each element of the crimes' " (*People v Perillo*, 144 AD3d 1399, 1400 [2016], *lv denied* 29 NY3d 951 [2017], quoting *People v Cruz*, 131 AD3d 724, 725 [2015], *lv denied* 26 NY3d 1087 [2015]). In our review, "we view the evidence in a neutral light and, while giving deference to the jury's credibility determinations, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Royster*, 107 AD3d 1298, 1299 [2013] [internal quotation marks and citations omitted], *lv denied* 22 NY3d 958 [2013]). Our deference to the jury's resolution of the credibility issues is due to its unique opportunity "to view the witnesses and observe their demeanor throughout this process" (*People v Shoemaker*, 119 AD3d 1073, 1075 [2014], *lv denied* 25 NY3d 992 [2015]; *accord People v Lawrence*, 141 AD3d 828, 829 [2016], *lv denied* 28 NY3d 1073 [2016]).

"A person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds [$3,000]" (Penal Law § 155.35 [1]). For a conviction on the charge of grand larceny in the third degree by false pretenses, the "evidence must establish beyond a reasonable doubt that [the] defendant obtained possession of money of another by means of an intentional false material statement about a past or presently existing fact upon which the victim relied in parting with the money" (*People v Trimmer*, 30 AD3d 820, 822 [2006] [internal quotation marks and citations omitted]; *see* Penal Law § 155.05 [2] [a]). With regard to the second count of the indictment, as relevant here, "[a] person obtains property by false promise when, pursuant to a scheme to defraud, he [or she] obtains property of another by means of a representation, express or implied, that he [or she] . . . will in the future engage in particular conduct, and when he [or she] does not intend to engage in such conduct" (Penal Law § 155.05 [2] [d]). A conviction on this theory requires the People to establish "that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]).

In support of both theories, the People established that defendant first made the acquaintance of the victim's brother and induced him to provide money on the false representations that it was needed to pay for diabetes medication for defend-

ant's son, that she was employed by hospice and that she was going to repay the funds from a settlement that she was about to receive from a nonexistent claim against the St. Lawrence County Sheriff's Department. In the beginning, the victim's brother borrowed the money from the victim to loan to defendant; eventually, defendant met the victim and obtained a series of loans directly from her. The victim testified that she felt bad for defendant's son and, based on her belief that defendant was her friend, she trusted defendant. The victim was dependent upon monthly disability benefits and, ultimately, the loans to defendant resulted in an overdraft on the victim's checking account and her arrest for issuing a bad check. Defendant told both the victim and her brother that she did not want any checks written in her name and that they were not to tell anyone else about the loans. On cross-examination of the victim and her brother, defense counsel managed to expose some inconsistencies in their testimony relating to the period of time over which the thefts took place and the exact amounts involved. However, with respect to the amount of the thefts, defendant did not offer any "competing calculations for the jury to weigh" (*People v Niver*, 45 AD3d 1051, 1052 [2007], *lv denied* 10 NY3d 769 [2008]).

The People were allowed to present proof of a prior scheme in which defendant befriended another vulnerable victim, a former roommate, and induced her to write checks to defendant. Defendant agreed to make deposits into the roommate's checking account to cover the checks, but never did so. Defendant told the roommate that the reimbursement would come from a nonexistent trust fund. An investigator from the St. Lawrence County District Attorney's office testified that, when he interviewed defendant about that scheme, she admitted that "she had no intentions of putting the money into [the roommate's] account."

Based on the evidence of the course of dealings between defendant and the victim, defendant may be convicted of larceny by both false pretenses and false promises (*see People v Wachulewicz*, 295 AD2d 169, 170 [2002], *lv denied* 98 NY2d 732 [2002]). The falsity of defendant's material representations and promises to the victim was not disputed. Upon our independent review of the evidence "and considering it in a neutral light, while according deference to the jury's superior ability to evaluate credibility" (*People v Brooks*, 127 AD3d 1407, 1409 [2015]; *accord People v Gamble*, 135 AD3d 1078, 1080 [2016], *lv denied* 27 NY3d 997 [2016]), we find that the jury could readily infer that defendant never intended to repay the money

that the victim advanced to her, and, mindful of the heavier burden of proof on the second count of the indictment, that such premise was established by excluding to a moral certainty every other hypothesis except defendant's intention not to repay the money. As such, we find that the verdict was not against the weight of the evidence.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.