People v Bravo (2020 NY Slip Op 06804)





People v Bravo


2020 NY Slip Op 06804


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11595
 (Ind. No. 2021/15)

[*1]The People of the State of New York, respondent,
v
Johnny Bravo, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered September 15, 2016, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant was convicted, after a jury trial, of grand larceny in the third degree under a theory of larceny by false promise (see Penal Law §§ 155.05[2][d]; 155.35[1]). At trial, the complainant testified that she was unable to send large amounts of money to Peru and had asked the defendant to assist her with sending money to her family in Peru. She testified that on November 3, 2014, she gave the defendant $11,000 to $12,000 to transfer to her family in Peru and approximately $40 for his assistance. She testified that she accompanied the defendant to four different money transfer agencies. However, according to the complainant's testimony, she learned on November 4, 2014, that the money transfers did not go through due to an error she had made in the recipient's name. The complainant testified that the defendant was able to fix two of the transactions over the phone and agreed to meet her the next day, November 5, 2014, to go to the other two money transfer agencies (hereinafter the subject money transfer agencies) to correct the mistake in the recipient's name. She testified that the defendant did not meet her on November 5, 2014, she subsequently learned that her family never received the funds from the subject money transfer agencies, and the defendant had withdrawn the money without her permission. Business records from the subject money transfer agencies indicated that the transactions had been cancelled with the money refunded. Representatives from the subject money transfer agencies testified that their policies required cancellations to be done in person by the person who initiated the transaction.
On appeal, the defendant contends that the evidence was legally insufficient to establish that he obtained the subject funds by means of a false representation and that he had the requisite intent not to perform at the time he made the representation that he would meet the complainant and help her fix the recipient's name on the transactions at the subject money transfer agencies. The defendant further contends that the jury's finding of guilt was against the weight of [*2]the evidence.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient on the grounds that the People did not prove that he did not obtain the subject funds by means of the alleged false representation and with the requisite intent (see generally People v Hawkins, 11 NY3d 484, 492-493). Nevertheless, upon request, we must review the record as, in effect, a "second jury" (People v Delamota, 18 NY3d 107, 117; see People v Kancharla, 23 NY3d 294, 302-303; People v Romero, 7 NY3d 633, 644 n 2; cf. People v Danielson, 9 NY3d 342, 348) to determine whether the verdict was against the weight of the evidence (see CPL 470.15[5]; People v Andujar, 166 AD3d 893, 894). A necessary part of that review is an evaluation of whether the evidence introduced at trial proved all of the elements of the charged crime (see People v Danielson, 9 NY3d at 349; People v Sauri, 170 AD3d 1201, 1202-1203; People v Zeller, 151 AD3d 1272, 1273; People v Marsden, 130 AD3d 945, 947).
In charging Penal Law § 155.35(1), the Supreme Court stated that "a person is guilty of Grand Larceny in the 3rd degree when that person steals property and when the value of the property exceeds $3,000.00." In charging Penal Law § 155.05(2)(d), the court stated that "[a] person wrongfully takes, withholds property when pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied[,] that he will in the future engage in particular conduct[,] and when he does not intend to engage in such conduct," and also stated that "the defendant's intention or belief that the promise would not be performed is based only on evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belie[f] and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed."
The record before us does not establish that the defendant obtained the funds from the subject money transfer agencies by means of his false representation that he would meet the complainant and help her fix the error with the recipient's name. The complainant did not testify that the defendant obtained any additional money or other property from her by means of this allegedly false representation. The People's contention that the complainant left the money with the subject money transfer agencies because of the defendant's false representation that he would help her fix the problem is not supported by the evidence, as the complainant testified that she was unable to access the money herself. Compliance officers with both subject money transfer agencies testified that under their agencies' policies, the person who initiated the money transfers would have to correct an error in the recipient's name in person. Thus, the weight of the evidence before us does not support a finding that the defendant obtained the subject funds by means of a false representation.
Further, the finding that the defendant had the requisite intent not to perform at the time he made the alleged false representation was against the weight of the evidence. The complainant testified that the defendant changed the name of the recipient over the phone for the funds held by two of the money transfer agencies. The complainant even testified that the defendant tried to fix the recipient's name over the phone with the subject money transfer agencies. However, the evidence established that the defendant was unable to make the change over the phone due to those agencies' policies. Accordingly, the evidence did not exclude to a moral certainty (cf. People v Zeller, 151 AD3d at 1273-1274) the hypothesis that the defendant formed the intent to withdraw the subject funds some time after he made the promise to the complainant to meet her on November 5, 2014, to fix the transactions.
In light of our determination, we need not reach the defendant's remaining contentions.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court