OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that court for further proceedings in accordance with this memorandum.
 

 On July 14, 1999, a confidential informant told the Mount Vernon Police that a person would conduct a drug transaction near the Mount Vernon Public Library. As a result of that conversation, the police went to the location. One police officer observed defendant, who fit the description given by the confidential informant. The officer observed defendant reach inside his pants and remove two pinkish translucent bags. These bags appeared to contain a white chunky substance and did, in fact, contain crack cocaine. The police subsequently arrested defendant and, after searching him, charged him with criminal possession of a controlled substance and criminal possession of a weapon.
 

 Defendant moved to suppress the gun and drugs. In their written response, the People stated that they had probable cause to arrest the defendant based on the information received from the confidential informant and the observation of the police officer. The People also stated that a
 
 Darden (People v Darden,
 
 34 NY2d 177 [1974]) hearing should be held. The People, however, could not produce the confidential informant at the hearing on the motion to suppress evidence. They argued then, as they do now, that probable cause could be established inde
 
 *631
 
 pendent of the confidential informant. The trial court denied the motion to suppress, holding that
 
 “a Darden
 
 hearing was unnecessary since probable cause to arrest existed without the information from the confidential informant.” The Appellate Division reversed, holding that, for probable cause to be established, it is necessary to produce the confidential informant.
 

 In
 
 People v Darden,
 
 a confidential informant told the police that a large shipment of heroin would arrive in Rochester from New York City. The police arrested a carrier when he arrived at the Rochester Monroe County airport carrying an attache case, on a flight from New York City. While there were drugs in the attache case, the testimony of the confidential informant was necessary to establish probable cause. This Court stated, “where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer, when the issue of identity of the informer is raised at the suppression hearing”
 
 (id.
 
 at 181), the suppression judge is required to hold a hearing.
 

 In
 
 People v Adrion
 
 (82 NY2d 628 [1993]), a confidential informant told the police that stolen luggage could be found in a specific location. A police officer went to that location, saw boxes and arrested the defendant. Because the People could not establish probable cause without the testimony of the confidential informant, this Court reversed the reinstatement of the prosecution by the Appellate Division. The case before us stands in contrast to
 
 Darden
 
 and
 
 Adrion.
 

 The Appellate Division erred in stating that a
 
 Darden
 
 hearing was necessary. Here probable cause could be established by the independent observations of the police officer. We, therefore, reverse and remit to the Appellate Division for further proceedings in accordance with this memorandum.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.