■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE McCOY, Appellant. [754 NYS2d 590] —Crew III, J.P. Appeal from a judgment of the County Court of Albany County (Lalor, J.), rendered May 4, 2000, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted for the crime of criminal possession of a controlled substance in the third degree. Prior to the submission of the case to the grand jury, the Assistant District Attorney assigned to the case overheard defendant admit to owning the drugs in question. Recognizing that he may be called as a witness, the Assistant District Attorney recused himself from acting as trial counsel. Defendant thereafter moved to disqualify the Albany County District Attorney's office and sought appointment of a special prosecutor, which motion was denied. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an indeterminate term of imprisonment of 12 to 24 years. Defendant now appeals.

Defendant contends that Supreme Court (Lamont, J.) erred in denying his motion to disqualify the District Attorney's office. We disagree. It is now well established that, absent a showing of an actual conflict of interest, the advocate-witness rule (*see* Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]) does not contemplate disqualification of an entire District Attorney's office merely because one of the assistants will be called to testify concerning a material fact issue (*see e.g. People v Keeton*, 74 NY2d 903; *People v Paperno*, 54 NY2d 294; *People v Freeman*, 172 AD2d 1045, *lv denied* 78 NY2d 1011). As no such showing was made here, disqualification was not warranted.

Defendant also contends that the jury verdict was against the weight of the evidence. Again we disagree. While defendant points to inconsistencies regarding the People's evidence concerning the ownership of the drugs, we need note only that the jury heard testimony that defendant admitted, on more than one occasion, that the drugs in question belonged to him. Under the circumstances, any conflict in the evidence regarding defendant's dominion and control over the cocaine in question merely created issues of witness credibility, and the jury's

determination in that regard must be accorded great deference (*see People v Montcrieft*, 296 AD2d 718, 719, *lv denied* 98 NY2d 770). Accordingly, we are satisfied that proper weight was accorded to the record evidence by the jury. We have considered defendant's remaining arguments and find them equally without merit.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.