THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON TORRES, Appellant. [853 NYS2d 73]—

An officer saw defendant engage in two transactions suggestive of drug sales, and then saw him actually give drug packets to an unapprehended buyer in return for cash. The police arrested defendant and found 13 glassine envelopes of heroin on his person. Defendant's theory at trial was that the heroin was only for his personal use, that he did not sell drugs, and that he had purchased, rather than sold, drugs during the encounter observed by the officer.

A detective, qualified as an expert regarding the quantity and packaging of drugs, testified that "a user would never walk around with twelve glassines on them. That's what a seller walks around with or would have in their possession." Neither defendant's general objection (*see People v Tevaha*, 84 NY2d 879 [1994]), nor any arguments he supposedly made at an unrecorded colloquy (*see People v Kinchen*, 60 NY2d 772 [1983]), nor his postverdict motion (*see People v Padro*, 75 NY2d 820 [1990]) preserved his present challenge to this testimony, and we decline to review it in the interest of justice. As an alternative holding, we find that the testimony was improperly admitted, but that the error was harmless. An expert may testify that specified quantities or packaging of drugs are consistent with possession by a seller and inconsistent with mere personal use (*People v Hicks*, 2 NY3d 750 [2004]). Here, however, the expert effectively testified that this defendant did not possess the heroin only for

his personal use, and that he was a seller; this invaded the province of the jury (see People v Salaam, 46 AD3d 1130, 1131 [2007]). Nevertheless, defendant's conduct independently established his intent to sell, and the deviation from the permissible scope of expert testimony was harmless.

At the commencement of the defense case, defense counsel indicated that defendant's wife, who had been expected to testify, had not appeared. When counsel indicated that defendant's wife would have testified that defendant had gone out to buy drugs on the day of the incident, the court characterized the projected testimony as inadmissible hearsay, but noted that, in any event, the wife did not seem to be available to testify. Counsel did not protest either of those conclusions, advance any hearsay exception or other theory of admissibility, or request a continuance to secure the wife's attendance. Nothing in the court's tentative and unelaborated ruling prevented defendant from doing any of those things, and nothing in the record supports defendant's assertion that such actions would have been futile (compare People v Mezon, 80 NY2d 155, 161 [1992]). Accordingly, defendant did not preserve any of his claims, including his constitutional argument, concerning his effort to call his wife to testify (see People v George, 67 NY2d 817, 819 [1986]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Even assuming that defendant's wife would have ultimately appeared, and that her testimony might have been admissible on some theory (never articulated at trial) such as its relevance to defendant's state of mind, it would not have been particularly exculpatory, because testimony that defendant intended to buy drugs for his own use was not inconsistent with an intent to sell drugs as well. Accordingly, there was no violation of defendant's right to present a defense. Defendant's related claim concerning a portion of his own testimony is likewise unpreserved and without merit. Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.