■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONTE HARRIS, Appellant. [940 NYS2d 268]—

Judgment, Supreme Court, New York County (Richard D.
Carruthers, J.), rendered April 27, 2009, convicting defendant,
after a jury trial, of criminal possession of a weapon in the
second degree (two counts) and criminal possession of a weapon
in the third degree, and sentencing him, as a second felony of-
fender, to an aggregate term of nine years, unanimously af-
firmed.

The court properly denied defendant's suppression motion.
This Court has conducted an in camera review of the minutes of
the hearing conducted pursuant to *People v Darden* (34 NY2d
177 [1974]). After reviewing those minutes and all of the argu-
ments raised by defendant on appeal, we find no basis for sup-
pression. The People properly established the confidential
informant's existence through extrinsic evidence after they dem-

onstrated that the informant was legitimately unavailable (see People v Carpenito, 80 NY2d 65, 68 [1992]). In any event, the police lawfully arrested defendant on the basis of their own observations (see People v Farrow, 98 NY2d 629, 631 [2002]).

We adhere to our prior decision in which we denied defendant's motion for disclosure of the sealed hearing minutes and related relief (People v Harris, 2010 NY Slip Op 90173[U] [2010]).

The court properly exercised its discretion in precluding defendant from eliciting the informant's role in defendant's arrest, and its ruling did not deprive defendant of the right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]). Under the circumstances of the case, the proposed line of questioning lacked a sufficient foundation, called for improper speculation and was irrelevant to the issues before the jury. There was no evidence to support defendant's theory that the informant may have schemed to place defendant in unwitting possession of an assault rifle (that was protruding from defendant's bag) and then report him to the police. In any event, there is no reasonable possibility that the court's ruling affected the outcome of the trial.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.