State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:   June 11, 2015                    106311
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DAYSHAWN CROOKS,
                        Appellant.
_____


Calendar Date:   April 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Matthew C. Hug, Troy, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Ceresia, J.), rendered August 15, 2013, upon a verdict
convicting defendant of the crime of criminal possession of a
controlled substance in the third degree (two counts).

        In January 2013, defendant was charged with two counts each
of criminal possession of a controlled substance in the third
degree and criminally using drug paraphernalia in the second
degree after police officers executing a search warrant at his
apartment in the City of Albany discovered, among other things, a
quantity of crack cocaine.  After a jury trial, defendant was
found guilty of both counts of criminal possession of a
controlled substance in the third degree.  County Court
thereafter sentenced defendant — as a second felony offender — to

an aggregate prison term of eight years followed by three years of postrelease supervision.  Defendant now appeals, and we affirm.

Initially, we agree with County Court that a Darden hearing was not necessary inasmuch as probable cause for the search warrant was established, in part, by the independent observations of the police (see People v Farrow, 98 NY2d 629, 630-631 [2002]; People v Darden, 34 NY2d 177, 181-182 [1974]; People v Sudler, 75 AD3d 901, 903-904 [2010], lv denied 15 NY3d 956 [2010]).  The search warrant at issue stemmed from two controlled purchases of crack cocaine, orchestrated by police and involving the use of a confidential informant (hereinafter the CI).[1]  In his search warrant application, and during his in-court examination at a Mapp hearing, Detective James Wood of the City of Albany Police Department explained that both buys had been electronically monitored via a live audio transmitter worn by the CI during the CI's interactions with defendant in and around the Albany apartment.  At certain points during these transactions, Wood and/or another police officer were also able to visually observe the CI interacting with defendant.  Moreover, the CI was fully searched and found to be without contraband before entering the apartment or interacting with defendant, while additional searches upon the CI's exit revealed crack cocaine.  Thus, we cannot agree with defendant's contention that it was error for County Court to deny his request for a Darden hearing, as the search warrant that led to the instant charges was supported by probable cause independent of any information directly provided by the CI alone (see People v Farrow, 98 NY2d at 631; People v Anderson, 104 AD3d 968, 970-971 [2013], lvs denied 21 NY3d 1013, 1016 [2013]).

Nor are we persuaded by defendant's contention that the verdict is against the weight of the evidence.  "Such review entails weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony while viewing the evidence

---

[1]  Defendant was not indicted on charges stemming from these transactions.

in a neutral light and giving deference to the jury's credibility assessments" (People v Gibson, 121 AD3d 1416, 1418 [2014], lv denied 24 NY3d 1119 [2015] [internal quotation marks and citations omitted]; see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]).  Inasmuch as a different verdict would not have been unreasonable, we evaluate whether each element of the crimes charged was proven beyond a reasonable doubt (see People v Danielson, 9 NY3d at 348-349; People v Bleakley, 69 NY2d at 494-495).  As is relevant here, Penal Law § 220.16 prohibits knowingly possessing either "a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]) or a mixture "containing a narcotic drug" that weighs "one-half ounce or more" (Penal Law § 220.16 [12]).  Constructive possession of the drugs at issue may be established through circumstantial proof (see People v Glover, 23 AD3d 688, 689 [2005], lv denied 6 NY3d 776 [2006]) and "any conflict in the evidence regarding [a] defendant's dominion and control over the [crack] cocaine in question . . . create[s] issues of witness credibility, and the jury's determination in that regard must be accorded great deference" (People v McCoy, 302 AD2d 797, 797-798 [2003], lv denied 100 NY2d 540 [2003]).  With respect to establishing a defendant's intent to sell drugs, the jury is allowed to infer, based on the amount of drugs at issue, that the defendant possessed them for the purpose of financial gain, rather than personal consumption (see generally People v Salaam, 46 AD3d 1130, 1131 [2007], lv denied 10 NY3d 816 [2008]; People v Wright, 283 AD2d 712, 713-714 [2001], lv denied 96 NY2d 926 [2001]).

During the trial, Gregory Mulligan, also a police officer with the City of Albany Police Department, testified that, as several of his colleagues entered defendant's apartment through the front door, he and two detectives — Wood and Scott Gavigan — were observing the rear of defendant's building.  As they watched, defendant was observed throwing a bag — which was later determined to contain one piece of crack cocaine weighing 69 grams, which is nearly 2½ ounces — out of the rear window of his second-floor apartment.  Upon entry into the apartment, defendant was the only person found inside.

In support of his contention that the People did not meet their burden of proving the element of possession, defendant points to minor inconsistencies in the trial testimony of the police officers. Although it is true that the testimony of Mulligan and Wood as to their recollections of the details of this event varied at times — for example, with respect to how far away from the building they were standing or whether defendant's window was already open before the bag was thrown — we note that both officers consistently testified to witnessing the bag containing the drugs being thrown from defendant's apartment window. Additional testimony revealed that defendant was the only person found inside that apartment at the time. Evaluating the evidence in a neutral light and according deference to the jury's credibility determinations, we find the jury's conclusion that defendant possessed the drugs to be supported by the record. Further, despite the uncontradicted evidence that the crack cocaine discovered was in one single piece rather than packaged into smaller amounts consistent with resale at the street level, the jury was permitted to infer, based on the substantial weight of it, that defendant intended to sell it, rather than keep it for his own use (see generally People v Salaam, 46 AD3d at 1131; People v Wright, 283 AD2d at 713). Thus, we do not find defendant's convictions to be against the weight of the evidence.

Finally, with regard to defendant's claim that his sentence is harsh and excessive, as we discern no abuse of County Court's discretion nor any extraordinary circumstances, we are not compelled to reduce the sentence (see People v Vargas, 72 AD3d 1114, 1120-1121 [2010], lv denied 15 NY3d 758 [2010]; People v Carey, 241 AD2d 748, 752 [1997], lv denied 90 NY2d 1010 [1997]). Defendant's remaining arguments, including those contained in his pro se brief, have been examined and found to be without merit.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court