This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 116
The People &c.,
            Respondent,
        v.
Dayshawn Crooks,
            Appellant.

Matthew C. Hug, for appellant.
Brittany L. Grome, for respondent.

STEIN, J.:

Defendant contends that he was entitled to a hearing pursuant to People v Darden (34 NY2d 177 [1974]) to determine whether the information provided by a confidential informant (CI) was sufficient to establish probable cause to support a search warrant for defendant's apartment. Because there was a basis in

- 1 -

the record for the determination of the lower courts that the police established probable cause based on their own independent observations, without having to rely on the statements of the CI, a Darden hearing was not required.  Therefore, we affirm.

I.

A CI approached detective James Wood with information that an individual -- who went by the street names "Day Day" and "Munch" -- was selling drugs from an apartment on a certain street.  The CI had previously worked with other detectives in the same police department, providing reliable information that resulted in several arrests and convictions.  The police conducted their own research to locate the apartment and determined that defendant -- who was known as "Day Day" -- resided there.  Detectives showed the CI photographs of the building and defendant to confirm that they had identified the correct location and person.

Wood arranged a controlled drug buy between the CI and defendant.  After confirming that the CI had no contraband or money, detectives provided the CI with buy money, and fitted the CI with a transmitter wire to hear and record the audio of any interaction with defendant.  Wood listened to the live audio throughout the transaction.  A detective observed the CI walk to the top of the stairs at defendant's building, which contained three apartments -- one in the basement, one on the first floor, and defendant's on the second floor.  Although the police could

only hear, not visually observe, what occurred when the CI was inside defendant's apartment, the CI did not make any other stops or interact with anyone outside the building on the way to or from the apartment. The CI returned to the detectives with a substance that tested positive for cocaine.

Wood also arranged a second controlled drug buy. He again searched the CI, gave him or her buy money, fitted the CI with a wire and listened to the audio during the transaction. While the CI was heading to defendant's apartment, defendant apparently called the CI and changed the location of the sale. Detectives observed the CI go to the new location and meet defendant. Detectives also observed defendant leave his apartment, get into a minivan, drive to the new location, meet the CI on the street and engage in some sort of transaction. The CI, who was monitored visually and by audio, did not interact with anyone else or make any stops along the way. After this interaction with defendant, the CI again turned over to the police a substance that tested positive for cocaine.

Wood submitted a search warrant affidavit, and a City Court Judge signed a warrant to search defendant's apartment for drugs, paraphernalia, and proof of defendant's residence there. When executing the warrant, detectives observed defendant open a window and throw out a plastic bag that was found to contain a large amount of cocaine. Defendant was not charged in connection with the two controlled buys but was charged, based on the

execution of the warrant, with criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

In his omnibus motion, defendant requested, among other things, a Mapp hearing and a Darden hearing.  After the Mapp hearing, County Court denied suppression of the items seized during the search of defendant's apartment and also found that a Darden hearing was unnecessary because reasonable cause for the search existed independently of the statements by the CI to the police.  Following a jury trial, defendant was convicted of the drug possession charges, but not the paraphernalia charges.  The court sentenced him, as a second felony offender, to concurrent terms of 8 years in prison and 3 years of postrelease supervision.

The Appellate Division affirmed, concluding that a Darden hearing was unnecessary because the probable cause for the warrant was based on independent police observations, not the CI's statements (129 AD3d 1207 [3d Dept 2015]).  A Judge of this Court granted defendant leave to appeal (26 NY3d 966 [2015]).

II.

The sole question before us is whether a Darden hearing was required where the detectives monitored the CI and defendant throughout the entirety of the encounters.  Stated otherwise, the issue is whether the police established probable cause for the

search warrant based on their own independent observations, or whether the CI's statements were necessary to establish probable cause.

In Darden (34 NY2d 177 [1974]), this Court balanced the need to assure the protection of confidential informants with the rights of criminal defendants to challenge the probable cause offered as justification for the seizure of evidence. We "held that, where 'there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer,' it would be 'fair and wise' for the People to 'be required to make the informer available for interrogation before the Judge'" (People v Edwards, 95 NY2d 486, 492 [2000], quoting Darden, 34 NY2d at 181). We further stated in Darden that, when the identity of the CI is raised at a suppression hearing, the court should conduct an in camera inquiry outside the presence of defendant and his counsel, and make a summary report regarding the existence of the informer and communications made by the CI to the police, taking precautions to protect the anonymity of the CI to the maximum extent possible (see Darden, 34 NY2d at 181). This procedure is "designed to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him [or her] entirely fabricated. At the same time the legitimate interests of the police in preserving the anonymity of the informer [are]

respected" (id. at 182).  Such a procedure "is necessary in order to fulfill the underlying purpose of Darden: insuring that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity" (Edwards, 95 NY2d at 494; see People v Serrano, 93 NY2d 73, 76 [1999]).  If, however, probable cause can be established without the CI's statements, a Darden hearing is unnecessary (see Edwards, 95 NY2d at 493; Serrano, 93 NY2d at 77).

In People v Adrion (82 NY2d 628 [1993]), this Court concluded that the information from a CI's tip was necessary to establish probable cause because, although the arresting officers personally observed some evidence of criminality, they possessed only reasonable suspicion without the information provided by the CI (see id. at 633-634).  Specifically, the lead FBI agent had "personally observed a number of suspicious circumstances," but those observations were not sufficient to link the defendants to stolen property without the CI's statements (id. at 634).  The Court found that "the informant's tip was inextricably tied to every aspect of the People's proof on the probable cause question," and the officers' observations were not truly independent of it, so the court could insist on production of the CI to assure that he or she existed and actually communicated with the police (id. at 636).  We noted that

> "Darden concerns the . . . distinct problem
> of verifying the truthfulness of the police

witness's testimony about his or her dealing with a known informant. As to that question, the officer's testimony regarding observed facts corroborating the accuracy of the informant's purported tip is of no moment, since it does not aid the court in ascertaining that the source of the underlying information was, in fact, a real informant as distinguished from an unauthorized wiretap, an improper search or some other illegal origin. In situations where a question is raised about such matters, there is no satisfactory substitute for the production of the informant -- or at least the production of extrinsic proof of the informant's existence when the informant is demonstrably unavailable. What is at stake in Darden situations is the integrity of the proceeding itself" (Adrion, 82 NY2d at 635-636).

A very different factual situation was presented in People v Farrow (98 NY2d 629 [2002]). There, a CI told the police about a planned drug transaction by a described person in a specific location. An officer went to that location, saw a person fitting the description given by the CI, and observed that person reach into his pants and remove two pinkish translucent bags containing a chunky white substance (see id. at 630). Thus, while the police were initially alerted to the transaction by a CI, the officer personally observed the defendant commit a crime. Contrasting the facts with those in Darden and Adrion, this Court held that a Darden hearing was unnecessary because "probable cause could be established by the independent observations of the police officer" (id. at 631).

The facts of the instant case are more analogous to Farrow than Adrion. Here, evidence was presented concerning two

controlled drug buys.  The People did not establish that the police directly observed that drugs or money were exchanged between defendant and the CI in either transaction (compare Farrow, 98 NY2d at 630).  However, such a showing was unnecessary because the People were not attempting to establish probable cause to arrest defendant for his participation in those drug buys.  Instead, the People sought only to establish probable cause to search defendant's apartment for drug activity.  The proof concerning the two controlled buys -- independent of the CI's statements -- was sufficient to establish probable cause for that purpose.

The first controlled buy took place in defendant's building.  The police initially ensured that the CI had no drugs, provided buy money and observed the CI approach and enter defendant's building.  Wood monitored the live audio of the transaction and recorded it.  Detectives then saw the CI exit the building and, without making any stops or interacting with anyone else, return to them with cocaine.

The second controlled buy took place on the street.  Detectives again confirmed that the CI had no drugs, supplied buy money and a transmitting device, visually observed that the CI did not interact with anyone else, observed defendant leave his apartment and drive to the arranged location, and witnessed defendant engaging in a transaction with the CI, with the end result being that the CI possessed cocaine.  Additionally, the

detectives engaged in live audio monitoring and recording of the entire transaction for each of the controlled buys. The recordings constitute extrinsic proof of the informant's existence, to assure that he or she was not imaginary (see Adrion, 82 NY2d at 636; see also Darden, 34 NY2d at 182).

Based on our review of the evidence at the Mapp hearing -- including the exhibits and testimony regarding the detectives' personal observations concerning both controlled drug buys -- we conclude that there is ample record support for the determination of the lower courts that the CI was in possession of cocaine after the transactions with defendant in these controlled circumstances, which were visually observed by the police witnesses and constantly monitored by audio transmission. Therefore, no Darden hearing was necessary, because probable cause for the search warrant was established through independent police observations, even without the CI's statements concerning how he or she obtained the drugs. Accordingly, the Appellate Division order should be affirmed.

* * * * * * * * * * * * * * * * *

Order affirmed. Opinion by Judge Stein. Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Fahey and Garcia concur.

Decided June 23, 2016