■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID COOLEY, Also Known as MAN, Appellant. [52 NYS3d 528]—

Mulvey, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 24, 2014, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

In July 2013, members of the City of Albany Police Department conducted a controlled buy in which a confidential informant (hereinafter CI) purchased cocaine from defendant. Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and subsequently sentenced to seven years in prison followed by three years of postrelease supervision. Defendant appeals. We affirm.

Defendant contends that the jury's verdict was against the weight of the evidence, noting that contemporaneous audio and video recordings of the transaction, played for the jury, did not

confirm the testimony by the CI. Specifically, defendant argues that the audio recording was so inaudible that it did not prove that a transaction took place and that the video recording does not show defendant taking any cash or handing narcotics to the CI. In an analysis of whether a verdict is against the weight of the evidence, we first determine whether a different finding would not have been unreasonable, and, if not, we then "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" to determine whether the trier of fact accorded proper weight to the evidence (*People v Mateo*, 2 NY3d 383, 410 [2004] [internal quotation marks and citations omitted], *cert denied* 542 US 946 [2004]). This analysis entails "viewing the evidence in a neutral light and giving deference to the jury's credibility assessments" (*People v Crooks*, 129 AD3d 1207, 1208 [2015] [citation omitted], *affd* 27 NY3d 609 [2016]; *see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Lancaster*, 143 AD3d 1046, 1048-1049 [2016], *lv denied* 28 NY3d 1147 [2017]).

The People were required to prove that defendant knowingly and unlawfully sold a narcotic drug (*see* Penal Law § 220.39 [1]). The trial testimony established that the police took several measures to assure that the CI was not concealing any drugs or currency before he approached the prearranged location for the transaction with defendant. The CI wore a concealed audio recording device and carried recorded US currency. The officers were stationed at various locations near the transaction site and observed the CI engage in a hand-to-hand exchange with defendant. When the CI returned to the police officers, he was in possession of a bag containing a white rock-like substance that was later tested and confirmed to be cocaine. Defendant testified that his transaction with the CI was for the purchase of a ring, not narcotics, and that no narcotics changed hands. He also presented a witness who testified that she attended the meeting with the CI for the purpose of providing advice to defendant about the ring and that she saw the CI produce a ring.

Although the jury could have credited defendant's testimony over that of the CI, we afford "deference to the jury's superior ability to evaluate credibility" (*People v Gamble*, 135 AD3d 1078, 1080 [2016] [internal quotation marks and citation omitted], *lv denied* 27 NY3d 997 [2016]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). We discern nothing in the testimony and evidence presented that would render the CI's testimony incredible as a matter of law (*see People v Miles*, 61 AD3d 1118,

1119 [2009], *lv denied* 12 NY3d 918 [2009]) and note that there is no indication that either the video or audio recordings contradicted any of the People's proof. Viewing the evidence in a neutral light, considering the elements of the charged crime and deferring to the jury's credibility assessments, we conclude that the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Lancaster*, 143 AD3d at 1049).

Defendant next contends that County Court erred in declining to hold a *Wade* hearing to test the CI's identification of defendant. " '[A] *Wade* hearing is not required when the witness is so familiar with the defendant that there is little or no risk that police suggestion could lead to a misidentification' " (*People v Smith*, 137 AD3d 1323, 1326 [2016], *lv denied* 28 NY3d 974 [2016], quoting *People v Casanova*, 119 AD3d 976, 980 [2014]). A *Rodriguez* hearing was held to establish that the CI's identification of defendant was merely confirmatory and not subject to the notice and hearing requirements of CPL 710.30 (*see People v Rodriguez*, 79 NY2d 445, 453 [1992]). Prior to the transaction, a police officer showed the CI a photo of defendant. The CI affirmed the identity of defendant as an individual he had known for several years and furnished additional descriptive information regarding defendant's height, weight, hairstyle and model of car that he drove. We agree with County Court that sufficient details were furnished by the CI to establish that any photo identification would be confirmatory, and "that there [was] little or no risk that police suggestion could lead to a misidentification" (*People v Carter*, 57 AD3d 1017, 1017 [2008] [internal quotation marks and citations omitted], *lv denied* 12 NY3d 781 [2009]).

Nor do we discern any error in County Court's *Sandoval* ruling. Proof of eight prior convictions over a five-year period was proffered by the People, and County Court permitted inquiry regarding only two misdemeanors (criminal possession of a weapon in 2008 and assault in the third degree in 2010) and one felony conviction (burglary in the third degree in 2010), specifying that defendant could be asked on cross-examination if he was convicted on those dates without inquiring about the nature of the charges or the underlying facts. The court ruled that the People could only explore further if defendant denied the convictions. We find that County Court "properly balanced the probative value of defendant's prior convictions against the risk of prejudice to defendant" (*People v Victor*, 139 AD3d 1102, 1110 [2016], *lv denied* 28 NY3d 1076 [2016]), as the convictions were recent, dissimilar from the charged crime and were proba-

tive of defendant's credibility and willingness to put his interests above that of the community (*see People v Sandoval*, 34 NY2d 371, 376-378 [1974]; *People v Mould*, 143 AD3d 1186, 1188 [2016], *lv denied* 28 NY3d 1187 [2017]).

Defendant's contention that his arrest was not supported by probable cause was not raised before County Court and is, therefore, unpreserved for our review (*see* CPL 470.05 [2]). Turning finally to defendant's claim that his sentence was harsh and excessive, we note that he faced up to 15 years in prison as a second felony drug offender, and, while we may reduce a sentence in the interest of justice where there are extraordinary circumstances or an abuse of discretion on the part of the sentencing court, we discern no such extraordinary circumstances or abuse of discretion here, particularly given defendant's lengthy criminal history (*see People v Nelson*, 128 AD3d 1225, 1228 [2015], *lv denied* 26 NY3d 1041 [2015]). However, we note that, although County Court sentenced defendant as a second felony drug offender, the uniform sentence and commitment form indicates that he was sentenced as a second felony offender (*compare* Penal Law § 70.70 [3] [b] [i] *with* Penal Law § 70.06 [3] [b]) and, thus, the uniform sentence and commitment form must be amended accordingly (*see People v Williams*, 145 AD3d 1188, 1191 [2016]; *People v Labaff*, 127 AD3d 1471, 1472 [2015], *lv denied* 26 NY3d 931 [2015]; *People v Patterson*, 119 AD3d 1157, 1159 [2014], *lv denied* 24 NY3d 1046 [2014]). The certificate of conviction must also be similarly amended (*see People v Gathers*, 106 AD3d 1333, 1334 [2013], *lv denied* 21 NY3d 1073 [2013]).

We have considered defendant's remaining contentions and find them to be unavailing.

McCarthy, J.P., Garry, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.