(June 29, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL PEARSON, Appellant. [59 NYS3d 154]—

Mulvey, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 31, 2013, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree (four counts), criminal sale of a controlled substance in the third degree and attempted criminal possession of a controlled substance in the third degree (five counts).

Following an investigation by the Attorney General's Organized Crime Task Force, defendant was arrested in connection with an alleged conspiracy to possess and sell cocaine and heroin in Albany County, other counties in New York and Vermont. He was charged by two indictments with multiple crimes related to the possession and sale of narcotics. Following a joint jury trial,[1] defendant was convicted of four counts of criminal sale of a controlled substance in the second degree (counts 2, 3, 5 and 32), one count of criminal possession of a controlled substance in the third degree (count 6) and five counts of attempted criminal possession of a controlled substance in the third degree (counts 20, 23, 24, 27 and 28).[2] He was sentenced as a second violent felony offender to an aggregate prison term of 87 years to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant argues that the guilty verdict with regard to counts 2, 3 and 5 for criminal sale of a controlled substance in the second degree was against the weight of the evidence. Upon our independent weight of the evidence review, we first

1. Defendant was jointly tried with five codefendants. This Court recently handed down decisions with regard to codefendant Guy Anderson (*People v Anderson*, 149 AD3d 1407 [2017]) and codefendant Michael Williams (*People v Williams*, 150 AD3d 1315 [2017]).

2. The jury acquitted defendant on one count of criminal sale of a controlled substance in the second degree and one count of attempted criminal possession of a controlled substance in the third degree. The jury was unable to reach a verdict on the conspiracy charge against defendant. In addition, County Court granted the People's pretrial motion to dismiss one count of criminal sale of a controlled substance.

determine whether a different finding would not have been unreasonable and, if not, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *accord People v Wynn*, 149 AD3d 1252, 1254 [2017]; *see People v Reeves*, 124 AD3d 1068, 1068 [2015], *lv denied* 25 NY3d 1076 [2015]). "Issues of credibility and the weight to accord testimony are matters to be resolved by the trier of fact, who is free to accept or reject any part of the testimony presented" (*People v Lancaster*, 143 AD3d 1046, 1047 [2016] [internal quotation marks and citations omitted], *lv denied* 28 NY3d 1147 [2017]; *see People v Crooks*, 129 AD3d 1207, 1208 [2015], *affd* 27 NY3d 609 [2016]; *People v Lanier*, 130 AD3d 1310, 1311 [2015], *lv denied* 26 NY3d 1009 [2015]).

Several police officers testified to three controlled buy operations involving defendant in March, April and September 2011. James Wood, a detective with the City of Albany Police Department, testified that he directed a confidential informant (hereinafter CI) to call defendant to arrange the purchase of $1,000 worth of crack cocaine on each of the three separate occasions, and the conversations were recorded. Wood—who was familiar with defendant and his voice from prior interactions—listened in on the calls and identified defendant's voice on the recordings. Before and after each meeting, Wood searched the CI for contraband and money. On all three dates, defendant met the CI at the designated location and, under the supervision of several police officers, the CI briefly entered defendant's vehicle, purchased the crack cocaine and then returned to his own vehicle and drove back to police custody. During two of the transactions, other officers, serving as the "eyes" of the operation, identified defendant as the seller. Moreover, during each transaction, the CI wore a body wire and, despite the poor audio quality of the recordings, Wood was able to identify defendant's voice on the recordings and translated the coded drug sale language employed. Following each transaction, the CI returned with a plastic bag containing crack cocaine weighing more than one-half ounce. Viewing all of the evidence in a neutral light, weighing the conflicting testimony and according deference to the jury's credibility determinations, we find that, even if a different verdict would not have been unreasonable, the weight of the evidence fully supports the challenged convictions (*see People v Heard*, 92 AD3d 1142, 1143-1144 [2012], *lv denied* 18 NY3d 994 [2012]; *People v Morris*, 25 AD3d 915, 916-918 [2006], *lv denied* 6 NY3d 851 [2006]).

Furthermore, we find that County Court did not abuse its

discretion in denying defendant's untimely request for a missing witness charge (*see People v Carr*, 14 NY3d 808, 809 [2010]). A request for such a charge "must be raised as soon as practicable so that the court can appropriately exercise its discretion and the parties can tailor their trial strategy to avoid substantial possibilities of surprise" (*People v Gonzalez*, 68 NY2d 424, 428 [1986] [internal quotation marks and citation omitted]; *accord People v Turner*, 73 AD3d 1282, 1283 [2010], *lv denied* 15 NY3d 896 [2010]; *see People v Carr*, 14 NY3d at 809). Here, while the People listed the CI as a potential witness in their pretrial discovery, the People did not call the CI to testify during their chronological presentation of the proof early in this trial regarding the sales involving this CI, which occurred some two months before the close of proof. Defendant was thus aware that the CI would not testify at the conclusion of the People's case, but did not make this charge request until after the close of proof and, thus, the request was untimely (*see People v Alexander*, 127 AD3d 1429, 1433 [2015], *lv denied* 25 NY3d 1197 [2015]; *People v Turner*, 73 AD3d at 1283-1284). Moreover, defense counsel's closing summation heavily emphasized the People's failure to call the CI, despite calling CIs involved in purchases from the codefendants, effectively urging the jury to draw an adverse inference due to the failure to call the CI (*see People v Darby*, 72 AD3d 1280, 1283 [2010], *lv denied* 15 NY3d 749 [2010]). This ameliorated any prejudice.

Defendant also claims that County Court erred in delivering a supplemental instruction to the deliberating jury prior to a weekend recess without notice to and consultation with counsel, and that the instruction was coercive. We recently addressed and rejected a similar claim in a decision upholding the convictions of codefendant Guy Anderson (*People v Anderson*, 149 AD3d 1407, 1415-1416 [2017]). We add that defendant's reliance on CPL 310.30 is misplaced, inasmuch as the instructions before the recess to which defendant objects were not in response to a jury note or inquiry (*see* CPL 310.10 [2]; *compare People v O'Rama*, 78 NY2d 270, 276-277 [1991]; *People v Morrison*, 148 AD3d 1707, 1708 [2017]). Defendant raises no specific criticisms regarding the instruction beyond a general claim that it was improperly coercive, which we reject, having previously concluded that the charge given " 'was balanced and neutral in tone, and . . . did not urge any dissenting jurors to abandon their convictions and acquiesce in the opinion of the other jurors, attempt to coerce or compel the jurors to reach a particular verdict, or shame the jurors into reaching a verdict' " (*People v Anderson*, 149 AD3d at 1415, quoting *People v Cole-*

man, 64 AD3d 787, 787 [2009], *lv denied* 13 NY3d 835 [2009]; *see People v Vazquez*, 145 AD3d 1268, 1270-1271 [2016]). We also note that, although not conclusive, the jury continued to deliberate and acquitted defendant on two counts and was unable to reach a verdict on the conspiracy count, further undermining any contention that the court's instruction coerced a verdict (*see People v Anderson*, 116 AD3d 499, 500-501 [2014], *lv denied* 24 NY3d 958 [2014]; *compare People v Aponte*, 2 NY3d 304, 309 [2004]).

Defendant also argues that a litany of trial errors deprived him of a fair trial. We disagree. Defendant's contention that County Court erred in denying his motion to discharge an alternate juror who admitted to having read news articles regarding the case is moot, since, as we have noted in a codefendant's appeal, the potential juror did not participate in deliberations (*see People v Anderson*, 149 AD3d at 1414 n 3; *People v Haardt*, 129 AD3d 1322, 1322 [2015]; *People v Rivera*, 7 AD3d 358, 359 [2004], *lv denied* 3 NY3d 741 [2004]). Further, upon receiving a note alleging that members of the jury had fallen asleep during portions of the testimony, the court noted that it had not observed any of the jurors sleeping, but nevertheless issued an instruction for the jury to request breaks when necessary. As defendant did not object to this course of action, his claim of error is unpreserved for our review (*see People v Blond*, 96 AD3d 1149, 1152-1153 [2012], *lv denied* 19 NY3d 1101 [2012]; *People v Busreth*, 35 AD3d 965, 967 [2006], *lv denied* 8 NY3d 920 [2007]).

Finally, with regard to the sentence, we are persuaded that defendant's aggregate sentence of 87 years in prison, although legally permissible, should be reduced in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Perry*, 70 AD3d 1063, 1065 [2010], *lv denied* 14 NY3d 804 [2010]; *People v Sheppard*, 273 AD2d 498, 500 [2000], *lv denied* 95 NY2d 908 [2000]). Considering the circumstances of his crimes and his prior criminal history, we modify defendant's sentence by directing that the sentences for counts 2, 3, 5 and 32 run concurrently to each other, but consecutively to the other counts, and directing that the sentences for counts 20, 23, 24, 27 and 28 run concurrently to each other, but consecutively to the other counts. Therefore, defendant's sentence will be an aggregate prison term of 32 years, to be followed by five years of postrelease supervision.

Defendant's remaining contentions have been considered and determined to be lacking in merit.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences for criminal sale of a controlled substance in the second degree under counts 2, 3, 5 and 32 of the indictment shall run concurrently to each other and consecutively to the remaining sentences imposed, and that defendant's sentences for attempted criminal possession of a controlled substance in the third degree under counts 20, 23, 24, 27 and 28 of the indictment shall run concurrently to each other and consecutively to the other sentences imposed, and, as so modified, affirmed.