Garry, J.
 

 Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 20, 2014, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).
 

 In November 2013, defendant’s parole officer discovered heroin during a routine visit to defendant’s home. Thereafter, defendant was charged with two counts of criminal possession of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an aggregate prison term of eight years followed by three years of postrelease supervision. Defendant appeals.
 

 We find no merit in defendant’s contentions that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence in that the People failed to prove his possession of the heroin and his intent to sell it. Penal Law § 220.16 prohibits knowingly possessing “a narcotic drug with intent to sell it” or a mixture “containing a narcotic drug” weighing “one-half ounce or more” (Penal Law § 220.16 [1]; [12]; see People v Torres, 146 AD3d 1086, 1087 [2017], lv denied 29 NY3d 1087 [2017]). Constructive possession may be established by circumstantial evidence and “any conflict in the evidence regarding a defendant’s dominion and control over the [drugs] in question . . . creates issues of witness credibility, and the jury’s determination in that regard must be accorded great deference” (People v Crooks, 129 AD3d 1207, 1208-1209 [2015] [internal quotation marks, brackets and citation omitted], affd 27 NY3d 609 [2016]; see People v Glover, 23 AD3d 688, 689 [2005], lv denied 6 NY3d 776 [2006]). “Generally, possession [alone] suffices to permit the inference that the possessor knows what he [or she] possesses, especially, but not exclusively, if it is in his [or her] hands . . . or on his [or her] premises” (People v Reisman, 29 NY2d 278, 285 [1971] [citations omitted], cert denied 405 US 1041 [1972]; accord People v Jimenez, 148 AD3d 723, 725 [2017], lv denied 29 NY3d 1081 [2017]; see People v VanVorst, 118 AD3d 1035, 1036 [2014]). As to intent to sell, the jury is similarly “allowed to infer, based on the amount of drugs at issue, that the defendant possessed them for the purpose of financial gain, rather than personal consumption” (People v Crooks, 129 AD3d at 1209; see generally People v Salaam, 46 AD3d 1130, 1131 [2007], lv denied 10 NY3d 816 [2008]).
 

 Here, defendant’s parole officer testified that on the day in question, he visited defendant’s residence at approximately noon and noted an 11-inch by 15-inch package addressed to defendant in the mailbox. Shortly thereafter, defendant arrived home on his lunch break. The parole officer testified that he handed the package to defendant, who explained that the sender was a friend in New York City, and they began a walkthrough of the apartment.
 
 *
 
 He took the package back from defendant during the course of the walkthrough and asked for more information about the sender. Defendant stated that this individual would send him letters, pictures and clothing. When asked to open the package, defendant explained that it was for his girlfriend and that he wanted to wait for her to arrive. The parole officer explained that he could either keep the package until the girlfriend arrived or leave the package with defendant after first conducting a dog sniff. At this point, defendant agreed to open the package.
 

 Defendant opened the package and removed a sealed envelope from inside of a magazine. According to the parole officer, defendant became anxious when asked to open the envelope. Defendant then opened the envelope and removed $180 in cash and a plastic bag containing “an off white brown substance.” "When asked, defendant indicated that he thought the substance weighed “about 10 grams.” It is undisputed that defendant repeatedly asked to “flush” the contents of the bag. The girlfriend’s nephew, who was in defendant’s apartment but did not present himself, testified that he heard defendant state, “It was not mine, not mine.” The parole officer took possession of the bag and called the police, and defendant was arrested. Defendant testified, in contrast to the testimony of the parole officer, that the package was already open when he first arrived, and that he never held the package at any point in time.
 

 The forensic scientist who later conducted laboratory testing of the substance testified that it tested positive for heroin and weighed 19.5 grams. Both the parole officer and the detective assigned to the case opined, without objection and to a reasonable degree of professional certainty, that the amount of heroin recovered was consistent with resale and not personal use. Viewing this evidence in the light most favorable to the People, we find a “valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury” (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Sanchez, 86 NY2d 27, 34 [1995]; People v Bellamy, 118 AD3d 1113, 1114 [2014], lv denied 25 NY3d 1159 [2015]). Further, according great deference to the jury’s credibility assessments, we do not find that the verdict was against the weight of the evidence (see People v Nichol, 121 AD3d 1174, 1177-1178 [2014], lv denied 25 NY3d 1205 [2015]).
 

 Defendant next contends that the items seized from the package were the fruits of an illegal search in violation of his 4th Amendment rights and should have been suppressed. However, County Court properly denied defendant’s motion without a hearing as his omnibus motion asserted only boilerplate allegations and failed to “allege a ground constituting legal basis for the motion” (CPL 710.60 [3] [a], [b]; see People v Curtis, 144 AD3d 1199, 1200 [2016]; People v Godallah, 132 AD3d 1146, 1148-1149 [2015]). In any event, upon this record we find that the evidence was admissible (see People v Walker, 80 AD3d 793, 794 [2011]; People v Burry, 52 AD3d 856, 858-859 [2008], lv dismissed 10 NY3d 956 [2008]).
 

 Defendant contends that County Court erred in permitting testimony regarding two prior convictions, one in 2004 for criminal sale of heroin in the fifth degree and another in 2006 for assault in the first degree. We disagree. Following a Sandoval hearing, the People were permitted to inquire whether defendant had been convicted of a felony on the specific date with regard to the 2004 drug conviction and were permitted a full inquiry into the assault conviction. In this regard, review of the hearing record reveals that the court, in exercising its discretion, appropriately weighed the various factors, the probative value and the risk of unfair prejudice to defendant (see People v Hayes, 97 NY2d 203, 207 [2002]; People v Richins, 29 AD3d 1170, 1172 [2006], lv denied 7 NY3d 817 [2006]; People v Ebron, 275 AD2d 490, 491-492 [2000], lv denied 95 NY2d 934 [2000]). Further, the jury was given an appropriate limiting instruction (see People v Miller, 91 NY2d 372, 378 [1998]; People v Watson, 150 AD3d 1384, 1386 [2017], lv denied 29 NY3d 1135 [2017]).
 

 At trial, defense counsel elicited testimony regarding the 2004 drug conviction upon cross-examination of the detective. The Sandoval compromise was revisited as to the 2004 conviction thereafter, on the People’s request. Defense counsel indicated that he would continue to explore the conviction upon direct examination of defendant, and the court thus permitted the People to conduct a full inquiry. By failing to object, defendant failed to preserve his claim that the Sandoval modification was “an improvident exercise of discretion” (People v Anthony, 74 AD3d 1795, 1796 [2010], lv denied 15 NY3d 849 [2010]; see People v Cantave, 21 NY3d 374, 378-379 [2013]; see also People v Henry, 129 AD3d 1334, 1335-1336 [2015], lv denied 26 NY3d 930 [2015]; People v Perez, 120 AD3d 514, 514 [2014], lv denied 24 NY3d 963 [2014]).
 

 We find no merit in defendant’s contention that his counsel’s actions related to the 2004 drug conviction testimony constituted ineffective assistance. To prevail on this claim, defendant was required to demonstrate that he was “deprived of a fair trial by less than meaningful representation” (People v Gokey, 134 AD3d 1246, 1246-1247 [2015] [internal quotation marks and citation omitted], lv denied 27 NY3d 1069 [2016]). Here, counsel’s questions to the detective were apparently part of a strategy to establish the remoteness of defendant’s prior drug conviction. Although defendant argues that his counsel could have accomplished this goal within the initial Sandoval compromise, “a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice” (id. at 1247 [internal quotation marks and citation omitted]).
 

 Defendant further contends that he received ineffective assistance in that his counsel failed to object to the expert testimony of the parole officer and the detective that the quantity of heroin recovered was consistent with an intent to sell. We disagree. Ineffective assistance does not simply arise from counsel’s failure to “make a[n] . . . argument that has little or no chance of success” (People v Stultz, 2 NY3d 277, 287 [2004]; accord People v Caban, 5 NY3d 143, 152 [2005]). As pertinent here, a trial court “has considerable discretion in determining the admissibility of expert testimony” (People v Lamont, 21 AD3d 1129, 1132 [2005], lv denied 6 NY3d 835 [2006]; accord People v Lupo, 92 AD3d 1136, 1138 [2012]). Both the parole officer and the detective testified as to their respective relevant work experience and their familiarity with the trafficking of heroin (see People v Hicks, 2 NY3d 750, 751 [2004]). Upon this basis both opined that the quantity of the heroin recovered was consistent with an intent to sell; this testimony was admissible and defense counsel had no basis to object (see People v Hicks, 2 NY3d at 751; People v Berry, 5 AD3d 866, 867 [2004], lv denied 3 NY3d 637 [2004]; People v Wright, 283 AD2d 712, 713-714 [2001], lv denied 96 NY2d 926 [2001]).
 

 Finally, we do not find defendant’s sentence to be harsh and excessive. Defendant, a second felony offender, was on parole supervision at the time of the instant offense. He was subject to a determinate sentence of between 6 and 15 years on both convictions and received a sentence well below the statutory maximum (see Penal Law § 70.70 [4] [b] [i]). Accordingly, our review of the record reveals no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Slaughter, 150 AD3d 1415, 1418 [2017]).
 

 Peters, P.J., Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 A subsequent search could not determine the validity of the sender’s address.