People v McCollum (2019 NY Slip Op 07649)





People v McCollum


2019 NY Slip Op 07649


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

109125

[*1]The People of the State of New York, Respondent,
v
Daniel McCollum, Appellant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Marshall Nadan, Kingston, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 20, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree.
On July 7, 2015, the State Police executed a warrant to search room 67 of the Atlas Motel in the Town of Lloyd, Ulster County. Upon entry, the police found defendant present with one other person. During the ensuing search, the police found a prescription bottle — in the name of a person not present — containing 58 blue 30-milligram oxycodone pills, a digital scale and a glass plate — both with white and blue residue on them — thumb-sized orange plastic bags and, on the plate, a state benefit card in defendant's name. Thereafter, defendant was charged in a three-count indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree. He was tried in absentia, convicted as charged and sentenced to an aggregate prison term of seven years, with two years of postrelease supervision. Defendant appeals.
We affirm. Defendant maintains that the small quantity of pills involved is legally insufficient to support his conviction of criminal possession of a controlled substance with intent to sell. He also maintains that a digital scale is not used for weighing pills, a fact invalidating the paraphernalia charge. Because defendant made only a general objection at the close of the proof, he failed to preserve any challenge to the legal sufficiency of the evidence (see People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, when reviewing defendant's weight of the evidence challenge, we ensure that the proof submitted supports the elements of the crimes (see People v Brinkley, 174 AD3d 1159, 1160 [2019]; People v Crooks, 129 AD3d 1207, 1208-1209 [2015], affd 27 NY3d 609 [2016]). As is relevant here, Penal Law § 220.16 (1) prohibits possessing "a narcotic drug with intent to sell." Oxycodone is a narcotic drug (see Penal Law § 220.00 [7]; Public Health Law § 3306 [II] [b] [1]). We are mindful that "[m]ore than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present" (People v Sanchez, 86 NY2d 27, 35 [1995]) for a jury to infer that possession was for purposes of sale and not personal consumption.
Craig Lischak, the State Police investigator who obtained and executed the search warrant, explained that the digital scale was designed to measure items as small as one one-hundredth of a grain, and, based on his experience, was "indicative of narcotic sales, not narcotics possession." He also testified that the prescription was filled for 168 pills, but only 58 were recovered. He observed that the plastic bags were new and that it was more common for a drug user to have used bags with residue in them. There was also testimony that the aggregate weight of the pills was 5.8 grams (approximately .20 ounces). Based on the foregoing, we conclude that the verdict was not against the weight of the evidence, because, although the quantity of pills was modest, defendant possessed the means to weigh, separate and package the oxycodone, allowing an inference of intent to sell (see People v Sanchez, 86 NY2d at 35; People v Salaam, 46 AD3d 1130, 1131 [2007], lv denied 10 NY3d 816 [2008]). The same holds true for the drug paraphernalia conviction (see People v Vega, 209 AD2d 220, 220 [1994], lv denied 85 NY2d 944 [1995]).
We find unavailing defendant's claims of ineffective assistance of counsel, based on counsel's failure to preserve a legal sufficiency challenge and replacement counsel's decision at sentencing to forgo a motion to set aside the verdict (see People v Breedlove, 157 AD3d 1050, 1052 [2018]; People v Jones, 4 AD3d 622, 624 [2004], lv denied 2 NY3d 801 [2004]). Moreover, despite defendant's failure to appear at trial, the record reveals that counsel provided meaningful representation.
Garry, P.J., Egan Jr. and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.