People v Fowler (2025 NY Slip Op 03905)

People v Fowler

2025 NY Slip Op 03905

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

403 KA 18-01941

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NERO FOWLER, DEFENDANT-APPELLANT. 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 24, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We affirm.
Contrary to defendant's contention, County Court properly denied his request for a Darden hearing. Where, as here, "information is received from a confidential informant but . . . police officer[s] thereafter make[ ] [their] own observations of criminal activity without further employment of the informant, those observations form the basis for probable cause to arrest, rendering a Darden hearing unnecessary" (People v Dudden, 138 AD3d 1452, 1453 [4th Dept 2016], lv denied 28 NY3d 929 [2016], cert denied 580 US 1162 [2017]; see People v Crooks, 27 NY3d 609, 614-615 [2016]; People v Farrow, 98 NY2d 629, 631 [2002]).
Defendant's contentions regarding the legal sufficiency of the evidence are not preserved for our review because defendant made only a general motion for a trial order of dismissal (see People v Gray, 86
NY2d 10, 19 [1995]; People v Piasta, 207 AD3d 1054, 1058 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court